STATE OF MAINE                              SUPERIOR COURT
WASHINGTON COUNTY, ss                       CIVIL ACTION
                                            DOCKET NO. MACSC-CV-2020-5

KENNETH JONES,                    )
                                  )
            Plaintiff             )
                                  )
      v.                          )         COMPLAINT
                                  )
                                  )
                                  )
JASPER WYMAN & SON,               )
                                  )
            Defendant             )

## INTRODUCTION

This is an action to remedy the failure of defendant Jasper Wyman & Son to pay Plaintiff Kenneth Jones the monies that are due for approved business travel he performed as an employee and for the benefit of defendant's business between March 2014 and April 2017. Plaintiff Jones brings claims for violation of contract, in quantum meruit for breach of quasi-contract, and for unjust enrichment.

## FACTS COMMON TO ALL COUNTS

1. Plaintiff Jones was a resident of Eastport, in Washington County, in the State of Maine during his employment by defendant between 2013 and 2018.

2. Defendant Jasper Wyman & Son, (hereinafter "Wyman" or "defendant") is a Maine corporation doing business in Maine with a principal place of business at 280 Main Street, Milbridge, in Washington County in the State of Maine, and with operations on Prince Edward Island, Canada.

3. On or about November 12, 2013, plaintiff Jones entered into an employment contract with Wyman to work as a Document Control Specialist in Wyman's Quality System

1

program working in Wyman's operations in Maine and in Prince Edward Island, Canada, with agreed compensation of hourly wages along with other compensation including employee benefits available to Wyman employees.

4. On or about June 1, 2015, plaintiff Jones was promoted to Food/ Workplace Safety Document Control Specialist for Wyman's Maine and Canada operations with agreed compensation of salary along with other compensation including employee benefits available to Wyman employees.

5. As of January 2014 and at all relevant times thereafter, Wyman's Employee Manual stated "The company will provide mileage reimbursement to employees who use personal vehicles for approved company business."

6. Between March 13, 2014 and April 2017, plaintiff Jones made 36 trips on in his personal vehicle on approved Wyman company business from his home in Eastport, Maine to Wyman's facilities in Morell, Prince Edward Island ("PEI"), Canada.

7. Wyman obtained a benefit from plaintiff Jones' travel at its direction and with its approval to work at its facilities in Canada.

8. Wyman's mileage reimbursement rate for 2014 on was 56 cents per mile.

9. The round-trip mileage between Eastport, Maine and Morell, PEI was approximately 632 miles.

10. Plaintiff Jones asked his supervisor for approval to be paid mileage for his approved travel for Wyman in accordance with Wyman's Employee Manual; however his supervisor without justification denied plaintiff Jones' requests.

11. Between March 2014 and April 2017, Wyman paid compensation to employees other than plaintiff for mileage reimbursement for approved business travel.

12. Between March 2014 and April 2017, plaintiff Jones made several inquiries to other managers at Wyman as to why Wyman was not paying him mileage reimbursement for his approved business travel, while it did pay other employees. Wyman managers at PEI said they did not know why.

13. In 2016, plaintiff Jones asked Wyman's Vice President of Operations, Homer Woodward why Wyman was not paying him mileage reimbursement for approved business travel to PEI, but received no answer.

14. In about May 2017, Wyman's Accounting Department sent a new expense form, with a completed example to staff, including plaintiff Jones. The form showed Wyman paying an employee compensation for mileage for business travel for Wyman.

15. In about May 2017, plaintiff Jones complained to Wyman's Human Resources Director, April Norton, that Wyman was not paying him his mileage reimbursement and asked for reimbursement. Ms. Norton responded that it was only fair that plaintiff Jones be reimbursed just as other employees were.

16. From May, 2017 on, Wyman did pay plaintiff Jones the mileage reimbursement due to him for his business travel to and from PEI.

17. In the fall of 2018, plaintiff Jones asked Wyman management to pay him for the travel mileage reimbursement for due to him under Wyman policies for his approved business travel for Wyman between 2014 and April, 2017.

18. Wyman management refused, saying that Mr. Jones did not "qualify," and without any written policy to support the denial, asserted that his local commute from his home in Eastport to Wyman's facility in Cherryfield, Maine would have been longer than his

travel mileage between Eastport and Wyman's worksite in Prince Edward Island, Canada.

19. As of April 2017, plaintiff Jones was entitled to $12,741.12 in unpaid compensation for mileage reimbursement for 36 trips between Maine and PEI on approved travel for Wyman.

## Count I
## Breach of Contract

20. Plaintiff realleges and incorporates the allegations of each of the preceding paragraphs as if set forth herein.

21. By failing to pay plaintiff Jones the compensation for approved business travel as agreed by defendant Wyman under its Employee Manual policy, defendant has breached its contract with plaintiff and is liable for damages for this breach.

22. Plaintiff Jones is owed damages by defendant Wyman of $12,741.12 in compensation for his approved business travel for Wyman between March 13, 2014 and April 11, 2017.

WHEREFORE, Plaintiff Jones prays that this Honorable Court award him:

A. his unpaid travel expenses mileage reimbursement plus interest;

B. consequential damages;

C. costs of suit and attorney's fees; and

D. any further relief that this Court deems to be just and proper.

## Count II
## Quantum Meruit/Quasi-Contract

23. Plaintiff realleges and incorporates the allegations of each of the preceding paragraphs as if set forth herein.

4

24. Plaintiff Jones performed services of travelling in his personal vehicle on approved business travel for defendant Wyman, with the knowledge and consent of defendant.

25. Plaintiff Jones performed those services for defendant under circumstances that make it reasonable for him to expect payment under Wyman's mileage reimbursement provisions.

26. Plaintiff Jones reasonably expected payment of mileage reimbursement because he had completed his business travel for defendant as required and approved by defendant.

27. Defendant received the benefit of plaintiff Jones' travel for its business, but refused to pay plaintiff Jones the amounts it stated it would pay for such travel.

28. Plaintiff Jones seeks recovery of the reasonable value of the services provided estimated to be $12,741.12, plus consequential damages, plus interest, costs and attorney's fees.

WHEREFORE, Plaintiff Jones prays that this Honorable Court award him:

A. his unpaid travel expenses mileage reimbursement plus interest;

B. consequential damages;

C. costs of suit and attorney's fees; and

D. any further relief that this Court deems to be just and proper.

### Count IV
### Unjust Enrichment

29. Plaintiff realleges and incorporates the allegations of each of the preceding paragraphs as if set forth herein.

30. Plaintiff Jones performed services of approved business travel for defendant that provided a benefit to defendant.

31. It would be inequitable for defendant to retain the benefit of plaintiff Jones' services without compensating plaintiff for them.

WHEREFORE, Plaintiff Jones prays that this Honorable Court award him:

A. his unpaid travel expenses mileage reimbursement plus interest;

B. consequential damages;

C. costs of suit and attorney's fees; and

D. any further relief that this Court deems to be just and proper.

Respectfully Submitted,

Dated: March 10, 2020

Lisa J. Butler, Esq.
Maine Bar No. 7819
Maine Employee Rights Group, P.A., LLC
23 Water Street, Suite 207
Bangor, Maine 04401
Telephone: (207) 217-6573

Attorney for Plaintiff Kenneth Jones