UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KENNETH JONES, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | 1:20-cv-00383-JAW |
| ) | |
| JASPER WYMAN & SON, ) | |
| ) | |
| Defendant ) | |

**ORDER ON MOTION FOR SUPPLEMENTAL
CONFIDENTIALITY ORDER**

Defendant asks the Court to amend the Confidentiality Order to include an "attorney's eyes only" option. Defendant seeks the amendment in anticipation of its production of information regarding its financial condition. Defendant maintains because the information is only potentially admissible at trial on Plaintiff's claim for punitive damages and because Defendant's financial condition is otherwise private information to which Plaintiff and others would not be privy, an "attorney's eyes only" designation is reasonable and appropriate.

"The practice in this court, consistent with that of a majority of federal courts addressing the issue, generally is to permit discovery of financial information without requiring a plaintiff to establish a prima facie case on the issue of punitive damages." *Morissette v. Cote Corporation*, No. 2-14-cv-00452-JDL, 2016 WL 6902116, at *2 (D. Me. Nov. 22, 2016) (collecting cases). In accordance with this practice, the Court ordered Defendant to "produce financial records from which Plaintiff could reasonably discern Defendant's net worth" if Plaintiff's punitive damage claim continued beyond summary

judgment.[1] (Order on Discovery Issues, ECF No. 32.) The Court recently denied Defendant's summary judgment motion on Plaintiff's punitive damage claim.

Defendant's request is essentially a request for a protective order as to the financial information. Federal Rule of Civil Procedure 26(c)(1)(G), governing protective orders, authorizes the Court to require "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."

Because Defendant is a private company (i.e., not publicly traded) and thus its financial condition is not known publicly, its concern about public dissemination of its financial information is understandable. Notably, because Defendant's financial condition is relevant, if at all, on Plaintiff's claim for punitive damages, the information is relevant only if Plaintiff prevails on liability. The information is not necessary for Plaintiff to assess the likelihood he will prevail on his liability claim, nor is it needed to prepare and present his liability claim. The Court, therefore, discerns no prejudice to Plaintiff if production of Defendant's financial information is limited to Plaintiff's counsel until trial.

The Court, however, does not believe it is necessary to amend the confidentiality order to include an "attorney's eyes only" option. The Court is not convinced that the option will be required for any other discovery. Construing Defendant's motion as a request for a protective order, the Court grants the motion and orders that absent further

---

[1] While the Court has authorized discovery related to Defendant's worth, the Court has made no determination whether evidence of Defendant's wealth would be admissible at trial. *See Burnett v. Ocean Properties, Ltd.*, No. 2:16-cv-00359-JAW, 2018 WL 5270229, at * 2-3 (D. Me. Oct. 23, 2018) (Court acknowledged uncertainty whether evidence of the defendant's wealth was necessarily admissible on a federal claim for punitive damages.)

order of the Court, Plaintiff's counsel shall not share or make available the information Defendant produces regarding its financial condition to any other person or entity, except personnel in counsel's office involved in the representation of Plaintiff and in the administrative management of the case.

## NOTICE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 6th day of September, 2022.