UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KENNETH JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:20-cv-00383-JAW ) |
| JASPER WYMAN & SON, | ) ) |
| Defendant. | ) ) ) |

**ORDER ON PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE FROM ADMISSION AT TRIAL DEFENDANT'S PROPOSED EXHIBITS 45 AND 50**

In anticipation of trial, the plaintiff filed a motion in limine seeking to exclude certain documents identified as proposed exhibits, some recently disclosed by the defendant. The plaintiff contends that the defendant's proposed Exhibits 45-A, 45-B, and 50 should be excluded from use at trial because they have not been previously produced in discovery as required by Federal Rule of Civil Procedure 37(c)(1). The plaintiff further contends that proposed Exhibit 45-A should be excluded because it contains undisclosed records, and proposed Exhibit 45-B should be excluded because it lacks authenticity.

**I.   PROCEDURAL BACKGROUND**[1]

On March 13, 2020, Kenneth Jones filed a three-count complaint in Washington County Superior Court in Machias, Maine, against his former employer,

---

[1]  The Court assumes familiarity with the factual background of this case, and thus recites only the relevant procedural history in this order. For an exhaustive account of the factual allegations, readers may refer to the Court's summary judgment order. *See Order on Mot. for Summ. J.* at 4-60 (ECF No. 58).

Jasper Wyman & Son (Jasper Wyman) alleging breach of contract, breach of quasi-contract in quantum meruit, and unjust enrichment. *Decl. of Elizabeth T. Johnson in Supp. of Notice of Removal* (ECF No. 3) (*State Ct. R.*), Attach. 2, *Compl.*; *id.*, Attach. 1, *Docket R.* at 1 (*Docket R.*). On October 14, 2020, Mr. Jones amended his state court complaint to allege racial discrimination in contracting and to add a claim that Jasper Wyman retaliated against him for opposing unequal treatment, both in violation of 42 U.S.C. § 1981. *Id.*, Attach. 6, *Am. Compl*; *Docket R.* at 2. On October 16, 2020, Jasper Wyman removed this case to federal court and answered the Amended Complaint. *Def. Jasper Wyman & Son's Notice of Removal* (ECF No. 1); *Def. Jasper Wyman & Son's First Am. Answer and Affirmative Defenses to Pl.'s First Am. Compl.* (ECF No. 4).

On April 7, 2021, following discovery, Mr. Jones filed a motion for leave to amend his complaint to add an additional factual basis of pay discrimination. *Pl.'s Mot. for Leave to File Second Am. Compl. and Amendment of the Scheduling Order* (ECF No. 15). On April 23, 2021, the Magistrate Judge granted the motion and Mr. Jones filed his second amended complaint. *Order* (ECF No. 17); *Pl.'s Second Am. Compl.* (ECF No. 18) (*Compl.*).

On September 21, 2021, Jasper Wyman moved for summary judgment, *Def. Jasper Wyman & Son's Mot. for Summ. J.* (ECF No. 44), which on July 18, 2022, the Court granted in part and denied in part in a one hundred forty-page order. *Order on Mot. for Summ. J.* (ECF No. 58). On September 7, 2022, the Court held a pretrial conference, *Min. Entry* (ECF No. 72), and the next day, the Court issued a final

pretrial order, setting the deadlines for pretrial motions and setting trial for October 31, 2022 to November 4, 2022. *Report of Final Pretrial Conference and Order* (ECF No. 74). On September 14, 2022, the Court, needing to reset the trial dates to avoid a scheduling conflict with another trial, scheduled a telephone conference with the parties. *Notice of Hearing* (ECF No. 78). On October 6, 2022, the Court held a telephone conference with the parties and rescheduled trial for November 16, 2022 to November 22, 2022. *Min. Entry* (ECF No. 96).

On October 3, 2022, Mr. Jones filed a motion in limine to exclude proposed Exhibits 45 and 50 from admission at trial. *Pl.'s Mot. in Lim. to Exclude from Admission at Trial Def.'s Proposed Exhibits 45 and 50* (ECF No. 92) (*Pl.'s Mot.*). On October 18, 2022, Jasper Wyman filed its opposition to Mr. Jones' motion. *Def.'s Opp'n to Pl.'s Mot. in Lim. to Exclude from Admission at Trial Def.'s Proposed Exhibits 45 and 50* (ECF No. 107) (*Def.'s Opp'n*).

## II.   THE PARTIES' POSITIONS

### A.   Kenneth Jones' Motion in Limine

Mr. Jones explains that he seeks to exclude three proposed exhibits from admission at trial: 45-A, 45-B, and 50. He describes Exhibit 45-A as "a 69-page compilation of several of defendant's pay rate planner spreadsheets, and excerpts, from multiple years in random order, most of which lack bates numbering," Exhibit 45-B as "a 25-page listing of claimed Employee Pay Increases for 2014, 2016, 2017 and 2018 which has not been previously provided to plaintiff in discovery," and

Exhibit 50 as a "'Timeline of Events,' for which defendant has not produced any documents." *Pl.'s Mot.* at 1-2.

Mr. Jones submits that "because the proposed [E]xhibit [45-A] is a conglomeration of various spreadsheets, it is impossible to determine whether it is complete and to what time period many of the various pages pertain." *Id.* He further submits that proposed Exhibit 45-B "contains information which is not stated in the documents defendant produced in discovery, has no employee names, no numeric counts for the positions purported to be listed, and no reference to actual compensation records produced in discovery, which would be necessary to establish whether partial listing is accurate and complete . . . [and it] does not qualify as a summary under Rule 1006 because it is a truncated version, with revisions, of the information that is best stated in the actual documents defendant made and produced in discovery." *Id.* at 2. Finally, Mr. Jones submits that proposed Exhibit 50 "has not been provided in discovery, and has not been provided by the deadline set for the parties to exchange trial exhibits." *Id.* at 3.

Mr. Jones contends that "[u]nder [Rule] 37(c)(1), '[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless'" and argues that "to use the proposed revised data in defendant's payroll records, defendant was required to provide them in discovery." *Id.* (quoting FED. R. CIV. P. 37(c)(1)).

B. **Jasper Wyman & Son's Opposition**

4

Jasper Wyman first addresses proposed Exhibit 45-A and submits that Mr. Jones' "allegation that Defendant is relying on unproduced documents and data is simply not accurate [because t]he first five pages of Exhibit 45-A . . . contain data that was produced on June 20, 2021, as an excel document Bates-stamped JWS-0002423." *Def.'s Opp'n* at 1. Jasper Wyman explains that "[t]he fact that some pages of Exhibit 45-A lack a Bates-stamp is because the files were produced in native format—which in this case is Excel—and the Bates-stamps did not attach to the pdf version of the document." *Id.* at 1-2. Jasper Wyman contends that it "has produced all pay rate planners from which Exhibit[s] 45[-A and 45-B] w[ere] derived," *id.* at 1, and that "[n]otably, the content of Exhibit 45-A is an exact duplicate of the content of the "Pay Rate Planner" section of the parties' Joint Stipulated Record submitted on September 9, 2021." *Id.* at 2.

Jasper Wyman nonetheless "acknowledges that elements of Exhibit 45-A may be confusing due to printing limitations of spreadsheets and the organization of the exhibit" and proposes:

> [t]o resolve these issues and remedy Plaintiff's objections, Defendant has provided a revised Exhibit 45-A that is chronologically organized with each year's section labelled and with some spreadsheets reformatted to avoid lost data due to printing limitations. The revised Exhibit 45-A also contains documents containing 2014 data and one additional document containing 2018 data, which were inadvertently left out of the first version of Exhibit 45-A but provide underlying data for Exhibit 45-B . . . This revised Exhibit 45-A, like the original Exhibit 45-A, contains only documents that were timely produced to Plaintiff during discovery. Defendant believes that submission of this revised Exhibit 45-A should moot the Plaintiff's motion.

*Id.* at 2.

As to Exhibit 45-B, Jasper Wyman submits that it "seeks to offer Exhibit 45-B as a summary and chart of key information from the data in the approximately 80 pages of pay rate planners, which would not be easy to examine in court due to their volume and the redactions that will need to be made to ensure confidentiality of employee information therein." *Id.* at 3. Jasper Wyman contends that it is admissible pursuant to Federal Rule of Evidence 1006 . . . [as] a compilation of information about job titles, salary information, and annual compensation increases drawn from the pay rate planners produced to Plaintiff in discovery." *Id.* at 2-3. Jasper Wyman further contends that "[s]hould the Court deny admission of Exhibit 45-B as a summary, the Court should admit it as a demonstrative exhibit . . . to aid the jury in understanding the key data regarding company-wide employee pay raises contained in the Exhibit" because "'[t]he decision to allow demonstrative aids rests in the discretion of the district judge.'" *Id.* at 3 (quoting *Hinton v. Outboard Marine Corp.*, No. 1:09-cv-00554-JAW, 2012 U.S. Dist. LEXIS 8505 (D. Me. Jan. 25, 2012)).

Finally, Jasper Wyman submits that Mr. Jones' motion regarding proposed Exhibit 50 is moot because Jasper Wyman "had notified the Plaintiff that it was withdrawing Exhibit 50 before the Plaintiff filed his motion." *Id.* at 4.

### III. DISCUSSION

The Court first addresses proposed Exhibit 45-A. The Court reviewed Jasper Wyman's revised Exhibit 45-A and finds that it appropriately addresses Mr. Jones'

6

concerns.[2] The Court therefore denies the Plaintiff's motion insofar as he requests that Exhibit 45-A be deemed inadmissible.

The Court next addresses proposed Exhibit 45-B. While Mr. Jones contends that the proposed exhibit "contains information which is not stated in the documents defendant produced in discovery," *Pl.'s Mot.* at 2, Jasper Wyman submits that "[a]ll of the information contained in [proposed Exhibit 45-B] was drawn from documents produced to Plaintiff." *Def.'s Opp'n* at 3. Jasper Wyman then explains that "[i]n one of the Excel spreadsheets used to create this compilation, job titles were not included in the spreadsheet [so] Defendant filled in some job titles by cross-referencing the employee numbers from data from other spreadsheets (all of which were produced)." *Id.*

Federal Rule of Evidence 1006 dictates:

> The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

"Rule 1006 provides that only the underlying documents, not the summaries themselves, must be produced to the opposing party." *Colón-Fontánez v. Municipality of San Juan*, 660 F.3d 17, 30 (1st Cir. 2011); *see also United States v. Bakker*, 925

---

[2] The Court has not addressed Mr. Jones' contention that Jasper Wyman's exhibits contain "undisclosed records" because the Court does not have enough information in the record to make an evaluation. In his motion, Mr. Jones claims that not all the records underlying Exhibits 45-A and 45-A were disclosed in discovery. In its response, Jasper Wyman insists that it produced all such records. Based on these bare assertions, the Court is unable to decide who is right. If Mr. Jones wishes to maintain this discovery objection, the Court will rule at trial based on whatever information the parties wish to present.

7

F.2d 728, 736 (4th Cir. 1991) ("The language of [Rule 1006] . . . simply requires that the [original voluminous] material be made available to the other party"); *Coates v. Johnson & Johnson*, 756 F.2d 524, 550 (7th Cir. 1985) (Rule 1006 requires that "only the underlying documents, and not the summaries, must be made available to the opposing party").

Jasper Wyman has therefore not erred in providing to Mr. Jones only the underlying documents used to formulate Exhibit 45-B. Although Mr. Jones contends that Exhibit 45-B "does not qualify as a summary . . . because it is a truncated version, with revisions, of the information that is best stated in the actual documents defendant made and produced in discovery," the Court finds that proposed Exhibit 45-B does qualify as a summary under Rule 1006. Jasper Wyman acknowledges that it slightly revised the proposed Exhibit 45-B when it "filled in some job titles by cross-referencing the employee numbers from data from other spreadsheets (all of which were produced)." Based on this record, the Court finds that these modifications are appropriate and do not constitute an addition of information not provided to the plaintiff during discovery.

Finally, because Jasper Wyman withdrew Exhibit 50, the Court dismisses as moot Mr. Jones' motion in limine as it regards Exhibit 50.

## VI.   CONCLUSION

The Court DISMISSES without prejudice the Plaintiff's Motion in Limine to Exclude from Admission at Trial Defendant's Proposed Exhibits 45 and 50 (ECF No. 92) and DENIES the Plaintiff's Motion in Limine as far as it seeks a pretrial order

rejecting the admissibility of the Defendant's revised Exhibit 45-B. Of course, as the proponent of these exhibits, Jasper Wyman still bears the burden to establish a proper foundation for them as business records and their authenticity.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 8th day of November, 2022