UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KENNETH JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:20-cv-00383-JAW |
| JASPER WYMAN & SON, | ) ) ) |
| Defendant. | ) ) ) |

**ORDER ON PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PLAINTIFF'S SEPARATE LAWSUIT AGAINST DEFENDANT**

In anticipation of trial, the plaintiff filed a motion in limine seeking to exclude all evidence of and reference to the plaintiff's separate lawsuit and complaint against the defendant for overtime wages, *Kenneth Jones v. Jasper Wyman & Son*, Docket No. CV-2021-13, currently pending in Maine Superior Court.  The plaintiff contends that evidence of this state court lawsuit is inadmissible hearsay and irrelevant, inadmissible character evidence under Federal Rules of Evidence 401, 403, and 404(b).

**I.  PROCEDURAL BACKGROUND[1]**

On March 13, 2020, Kenneth Jones filed a three-count complaint in Washington County Superior Court in Machias, Maine, against his former employer, Jasper Wyman & Son (Jasper Wyman) alleging breach of contract, breach of quasi-

---

[1]  The Court assumes familiarity with the factual background of this case, and thus recites only the relevant procedural history in this order.  For an exhaustive account of the factual allegations, readers may refer to the Court's summary judgment order.  *See Order on Mot. for Summ. J.* at 4-60 (ECF No. 58).

contract in quantum meruit, and unjust enrichment. *Decl. of Elizabeth T. Johnson in Supp. of Notice of Removal* (ECF No. 3) (*State Ct. R.*), Attach. 2, *Compl.*; *id.*, Attach. 1, *Docket R.* at 1 (*Docket R.*). On October 14, 2020, Mr. Jones amended his state court complaint to allege racial discrimination in contracting and to add a claim that Jasper Wyman retaliated against him for opposing unequal treatment, both in violation of 42 U.S.C. § 1981. *Id.*, Attach. 6, *Am. Compl*; *Docket R.* at 2. On October 16, 2020, Jasper Wyman removed this case to federal court and answered the Amended Complaint. *Def. Jasper Wyman & Son's Notice of Removal* (ECF No. 1); *Def. Jasper Wyman & Son's First Am. Answer and Affirmative Defenses to Pl.'s First Am. Compl.* (ECF No. 4).

On April 7, 2021, following discovery, Mr. Jones filed a motion for leave to amend his complaint to add an additional factual basis of pay discrimination. *Pl.'s Mot. for Leave to File Second Am. Compl. and Amendment of the Scheduling Order* (ECF No. 15). On April 23, 2021, the Magistrate Judge granted the motion and Mr. Jones filed his second amended complaint. *Order* (ECF No. 17); *Pl.'s Second Am. Compl.* (ECF No. 18) (*Compl.*).

On September 21, 2021, Jasper Wyman moved for summary judgment, *Def. Jasper Wyman & Son's Mot. for Summ. J.* (ECF No. 44), which on July 18, 2022, the Court granted in part and denied in part in a one hundred forty-page order. *Order on Mot. for Summ. J.* (ECF No. 58). On September 7, 2022, the Court held a pretrial conference, *Min. Entry* (ECF No. 72), and the next day, the Court issued a final pretrial order, setting the deadlines for pretrial motions and setting trial for October

31, 2022 to November 4, 2022. *Report of Final Pretrial Conference and Order* (ECF No. 74). On September 14, 2022, the Court, needing to reset the trial dates to avoid a scheduling conflict with another trial, scheduled a telephone conference with the parties. *Notice of Hearing* (ECF No. 78). On October 6, 2022, the Court held a telephone conference with the parties and rescheduled trial for November 16, 2022 to November 22, 2022. *Min. Entry* (ECF No. 96).

On October 3, 2022, Mr. Jones filed a motion in limine to exclude evidence of his separate lawsuit, pending in state court, against Jasper Wyman. *Pl.'s Mot. in Lim. to Exclude Evid. of Pl.'s Separate Lawsuit Against Def.* (ECF No. 89) (*Pl.'s Mot.*). On October 18, 2022, Jasper Wyman filed its opposition to Mr. Jones' motion. *Def.'s Opp'n to Pl.'s Mot. in Lim. to Exclude Evid. of Pl.'s Separate Lawsuit Against Def.* (ECF No. 108) (*Def.'s Opp'n*).

## II. THE PARTIES' POSITIONS

### A. Kenneth Jones' Motion in Limine

Mr. Jones explains that he has a complaint pending in state court alleging that Jasper Wyman "misclassified him as an exempt employee and failed to pay him overtime wages between June 2015 and September 2018 as required by the Maine Minimum Wages Law, 26 M.R.S. §§ 661 *et seq*, and the Maine Wages and Medium of Payment Law, 26 M.R.S. §§ 621-A *et seq*.." *Pl.'s Mot.* at 1. Mr. Jones then explains that Jasper Wyman moved for dismissal or a stay in October 2021 and no discovery has taken place. Furthermore, because the Superior Court identified "a prospect of entanglement" between the claims in the Superior Court action and this federal court

3

action, the Superior Court issued an order staying the Superior Court action until the final adjudication of this action. *Id.*

Mr. Jones anticipates that Jasper Wyman will "attempt to assert at trial its claims that Mr. Jones is pursuing claims in two lawsuits with 'diametrically opposing theories of liability' in order to prejudice the jurors to view Mr. Jones as a serial litigant, and without evidentiary support, argue that he is biased, bears a grudge against defendant, and raise the inference that he is bringing false claims." *Id.* at 2 (citing *Tr. of Proceedings, Final Pretrial Conference* at 23 l:10-19 (ECF No. 79)).

Mr. Jones contends that there is "neither factual inconsistency, nor 'diametrically opposing theories of liability,' nor duplication of damages" between Mr. Jones' Superior Court overtime wage claims and federal court discrimination and contract claims and that he is not pursuing overlapping damages because he "dropped and is not currently pursuing claims for unpaid overtime wages or statutory damages under Maine Wage laws as damages in this Federal Court action." *Id.*

Mr. Jones argues that all evidence and reference to his state court lawsuit and filings should be excluded from this Court's upcoming trial because (1) it is hearsay and not contradictory to the federal pleadings; and (2) it "lacks probative value and is highly prejudicial" and should therefore be excluded under Rule 404(b). Mr. Jones submits that Jasper Wyman "lacks the factual predicate to establish that Mr. Jones' complaint in the Superior Court action is admissible under First Circuit precedent." *Id.* Mr. Jones quotes *Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10 (1st Cir. 2001), stating the First Circuit rule:

4

> [t]he admission of inconsistent statements made in separate judicial proceedings to impeach a party is within the sound discretion of the trial judge. In exercising that discretion, the court must make an initial determination that the dueling pleadings are in fact contradictory. It must then decide under Rule 403 whether the probative value of the inconsistent pleading is outweighed by the danger of unfair prejudice to the party against whom it is offered.

*Pl.'s Mot.* at 2-3 (quoting *Wilson*, 250 F.3d at 16-17 (internal citations omitted)).

Mr. Jones submits that Jasper Wyman "cannot identify any factual or theoretical contradiction between his Superior Court Complaint asserting he was misclassified as a salaried employee, and his complaint and amendments in this action, which do not broach the same contentions." *Id.* at 3. He further submits that his wage claim under Maine wage law is "not relevant to the issues of race discrimination and contract before the Court" under Rule 401 and that "[e]ven if it were relevant, it should be excluded under [Rule 403] because any probative value would be substantially outweighed by the likelihood its admission would create unfair prejudice, confuse the issues, mislead the jury, and waste time." *Id.*

Mr. Jones contends that "[t]he First Circuit, as other circuits, has upheld the exclusion of evidence of other lawsuits as inadmissible character evidence," *id.* at 4, and "[b]ecause the charge of litigiousness is a serious one, likely to result in undue prejudice against the party charged . . . ordinarily proof that the plaintiff filed prior similar lawsuits is admissible to show the plaintiff's litigiousness only if there is also evidence that the prior lawsuits were fraudulently filed." *Id.* (quoting *McDonnough v. City of Quincy*, 452 F.3d 8, 20 (1st Cir. 2006)) (internal quotations omitted). He further contends that "[b]ecause there is no evidence that Mr. Jones' pending

5

Superior Court lawsuit was fraudulently filed, under *McDonnough,* all evidence as to that action should be excluded." *Id.* Citing *Outley v. City of New York,* 837 F.2d 587 (2d Cir.1988), he submits that in "[a]ddressing claims that a plaintiff's prior lawsuits were admissible as evidence of bias, and that plaintiff was acting on a 'grudge,' . . . the Second Circuit held that admission of evidence of plaintiff's other lawsuits was reversible error, concluding '[t]his strikes us as precisely the sort of use prohibited by Rule 404(b), as going to character rather than bias.'" *Id.* at 5 (quoting *Outley*, 837 F.2d at 593-94).

Finally, Mr. Jones argues that "introduction of that evidence or reference to that lawsuit would confuse the jury because those issues are not being litigated in this action." *Id.*

### B.     Jasper Wyman & Son's Opposition

Jasper Wyman contends that evidence of Mr. Jones' pending action in Superior Court is admissible because neither argument made by Mr. Jones "supports exclusion of evidence concerning this lawsuit." *Def.'s Opp'n* at 1. First, Jasper Wyman argues that the "statements made by Plaintiff in the Complaint in the State Court Action are admissible whether or not introduced for the truth of the matters asserted" because they "fall within a hearsay exception under [Rule] 801(d)(2)." *Id.* at 2. Jasper Wyman submits "a prior statement by an opposing party is not hearsay when '[t]he statement is offered against the opposing party and . . . was made by the party in an individual or representative capacity,' [or] is a statement that 'the party manifested that it adopted or believed to be true,' or 'was made by a person whom the party

6

authorized to make the statement.'" *Id.* (quoting FED. R. EVID. 801(d)(2)(A)-(D)). Jasper Wyman contends that because the statements in Mr. Jones' Complaint in the State Court Action "clearly are his statements within the meaning of Rule 801(d)(2)," it may "offer those statements against the Plaintiff without violating the rule prohibiting hearsay." *Id.*

Next, Jasper Wyman argues that Mr. Jones' assertion that this evidence is not probative and is unfairly prejudicial is "misplaced" because "[t]he fact that Plaintiff filed the State Court Action for unpaid overtime alleging that the nature of his position and responsibilities was such that he was not properly classified as an 'exempt' employee is directly and squarely overlapping and relevant to his claim of race discrimination in regard to compensation in the action before this Court." *Id.* at 2-3. Jasper Wyman contends that "the jury should be allowed to consider that—in the pending State Court Action—Plaintiff is arguing that the nature of his job and job duties was such that he should never have been classified as exempt—or eligible for bonuses—at all [and that] . . . [a]ccording to the Plaintiff in the State Court Action, his alleged lack of discretion and independence meant that he should have been considered a non-exempt employee," which "run[s] counter to Plaintiff's claim in this case that he was similarly situated to [his] white co-worker." *Id.* at 3. Jasper Wyman further contends that "[i]f Plaintiff is going to tell the jury that, like this white co-worker, he had a position of significant responsibility and authority, requiring discretion and judgment and therefore he deserved a pay raise and bonuses

7

comparable to his white co-worker, the Defendant should be able to point out the Plaintiff said essentially the opposite in the State Court Action." *Id.* at 4.

Jasper Wyman argues that "[t]he Plaintiff's admission in the State Court Action is classic impeachment evidence that is highly probative of the issues in this case, [and w]hile evidence of the State Court Action may be harmful to Plaintiff's case, evidence 'is not unfairly prejudicial merely because it is harmful.'" *Id.* (quoting *U.S. v. Symonevich*, 688 F.3d 12, 23 (1st Cir. 2012)). Jasper Wyman submits that "[e]vidence of the State Court Action does not constitute inadmissible character evidence because Defendant is not offering it to prove Plaintiff's litigiousness." *Id.* Jasper Wyman instead "intends to argue that evidence of Plaintiff's contradictory assertions in the State Court Action is relevant to cast doubt on Plaintiff's belief in his own claims in the present case." *Id.* at 5.

Finally, Jasper Wyman argues that "[e]vidence of Plaintiff's dueling theories would not confuse the jury," *id.*, noting that if Mr. Jones had brought these state claims along with his federal claim, the "claims that he now argues would be unduly prejudicial to admit would have been before the Court and the jury." *Id.* n.2. Jasper Wyman contends that here Mr. Jones has simply "avoided the challenges posed by pursuing alternative theories by filing a separate lawsuit," *id.* at 6, and attempts to "sanitize the record and keep the jury from hearing highly probative evidence." *Id.* at 7.

### III. DISCUSSION

    **A. Hearsay**

Federal Rule of Evidence 802 prohibits the admission of hearsay. Hearsay is an "out-of-court statement offered 'in evidence to prove the truth of the matter asserted in the statement.'" *United States v. Fígaro-Benjamín*, 394 F. Supp. 3d 191, 195 (D.P.R. 2019) (quoting FED. R. CIV. P. 801(c)). "[A]n out-of-court statement is not hearsay if it is relevant regardless of its truth (say, to show state of mind)." *Ira Green, Inc. v. Military Sales & Serv. Co.*, 775 F.3d 12, 19 (1st Cir. 2014). A prior statement by an opposing party is not hearsay when it "is offered against an opposing party and . . . was made by the party in an individual or representative capacity," is a statement that "the party manifested that it adopted or believed to be true," or "was made by a person whom the party authorized to make [the] statement . . . or was made by the party's agent or employee." FED. R. EVID. 801(d)(2)(A)-(D).

Mr. Jones argues that statements made by Mr. Jones in the state court complaint are inadmissible hearsay. The Court disagrees. Mr. Jones is an opposing party to Jasper Wyman and the allegations made in the state court action are statements made by Mr. Jones within the meaning of Rule 801(d)(2). The evidence Mr. Jones asks the Court to exclude, even if introduced for the truth of the matter, is therefore not inadmissible hearsay. The Court now turns to whether evidence of the action pending in Superior Court should be excluded as irrelevant, inadmissible character evidence under Federal Rules of Evidence 401, 403, and 404(b).

### B. Relevance and Prejudice

"A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal rules. Assessing the probative value of [the proffered

9

evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403 . . ..." *United States v. Abel*, 469 U.S. 45, 54 (1984).  Federal Rule of Evidence 401 states that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." FED. R. EVID. 401.  "Relevancy is a very low threshold." *United States v. Cruz-Ramos*, 987 F.3d 27, 42 (1st Cir. 2021).  "'[T]he evidence need not definitively resolve a key issue in the case,' but rather 'need only move the inquiry forward to some degree.'" *Id.* (citing *Bielunas v. F/V Misty Dawn, Inc.*, 621 F.3d 72, 76 (1st Cir. 2010)).  In the First Circuit's words, "it is no exaggeration to say that '[a] relevancy-based argument is usually a tough sell.'" *Id.* (citing *Bielunas*, 621 F.3d at 76) (alterations in *Cruz-Ramos*).

Relevant evidence is generally admissible, while "[i]rrelevant evidence is not admissible." FED. R. EVID. 402.  However, "[t]he Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

Federal Rule of Evidence 404(b) states that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b)(1).  This evidence, however, "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity,

10

absence of mistake, or lack of accident." FED. R. EVID. 404(b)(2). *See also United States v. Lynn*, 856 F.2d 430, 435 n.11 (1st Cir. 1988) (noting that the "laundry list of admissible purposes for evidence of prior bad acts' contained in Rule 404(b)(2) "is not exhaustive"). "Courts should be sensitive that 'there is always some danger that the jury will use [Rule 404(b) other act] evidence not on the narrow point for which it is offered but rather to infer that [a party] has a' certain propensity, particularly where the evidence is 'explosive.'" *Jordan v. Labombarde*, No. 2:17-cv-00025-JHR, 2021 U.S. Dist. LEXIS 124883, at *3 (D. Me. July 4, 2021) (quoting *United States v. Gilbert*, 229 F.3d 15, 25 (1st Cir. 2000) (citation and internal quotation marks omitted)).

"Relevancy is a very low threshold," and, as identified by Jasper Wyman, the state court action contains relevant statements regarding Mr. Jones' position and responsibilities at Jasper Wyman. *Cruz-Ramos*, 987 F.3d at 42. Although the claims are not overlapping, each action is predicated on his treatment during his employment at Jasper Wyman.

### C. Admissibility of the State Lawsuit

There are several issues with the admission of evidence of the pending state lawsuit. In this federal lawsuit, Mr. Jones is claiming that "Wyman manager [Shannon] Fickett with management approval, discriminated against Mr. Jones by setting his annual earnings, increases, and bonuses at lower rates than a similarly situated white employee." *Pl.s' Trial Br.* at 3 (ECF No. 103). This other Wyman employee was Wayne Alley. *Id.* at 4. According to the statements of material fact filed in the motion for summary judgment, Mr. Alley was a "Quality Assurance

11

Manager" at Wyman. *Order on Def.'s Mot. for Summ. J.* at 7 n.5 (ECF No. 58). Jasper Wyman employed Mr. Jones as Document Control Specialists and as Food/Workplace Safety & Document Specialist. *Id.*

The statements of material fact confirm that Mr. Jones is not claiming that Mr. Alley's job duties were identical to his. *Id.* at 7. Mr. Jones admitted "that no one held the same job titles as Kenneth Jones of Document Control Specialist or Food/Workplace Safety & Document Control Specialist during his employ." *Id.* at 7 n.5. Instead, Mr. Jones is claiming that many employees, including Mr. Alley, "performed some of the same duties as Kenneth Jones in his work on Quality Assurance and Workplace safety matters." *Id.*

With this additional background, which is a matter of record, the Court is not convinced that Mr. Jones' assertion in the state lawsuit that Jasper Wyman misclassified him as an exempt employee directly contradicts Mr. Jones' contention in this lawsuit that Mr. Alley's position was comparable in some but not all respects to his. Moreover, the potentially admissible statements in the pending state lawsuit are not simple, straightforward, and uncontested assertions. Instead, their admission would likely itself lead to separate controversies, presenting the prospect of a trial within a trial.

Next, if Jasper Wyman were allowed to introduce evidence about the allegations in Mr. Jones' state lawsuit, the Court would allow Mr. Jones to introduce evidence of Jasper Wyman's response to the state lawsuit. The parties have not presented the Court with anything but the state court complaint, but assuming that

Jasper Wyman defended the state lawsuit by denying its allegations, Jasper Wyman's defense suggests that it has conceded in the state lawsuit that Mr. Jones and Mr. Alley were comparable employees. Therefore, to the extent the positions of Mr. Jones and Jasper Wyman in the federal and state lawsuits are contradictory, they are presumably contradictory for both Mr. Jones and Jasper Wyman.

Third, assuming some relevance, the Court sees the interjection of the allegations and defenses in the state lawsuit under a different statute as likely confusing to the jury and a waste of time as counsel battle about whether the state lawsuit is sufficiently comparable to the federal lawsuit to affect the credibility of the parties' positions in this lawsuit. *See* FED. R. EVID. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by the danger of . . . confusing the issues [and] wasting time").

Moreover, evidence of Mr. Jones' state court lawsuit has a potentially prejudicial impact on his case. Evidence of Mr. Jones' state court action is not admissible for the purposes of showing his litigiousness or depicting him as a perpetual litigant. *See McDonough v. City of Quincy*, 452 F.3d 8, 20 (1st Cir. 2006) (finding no abuse of discretion in excluding evidence of prior lawsuit against the same defendant "[b]ecause the 'charge of litigiousness is a serious one, likely to result in undue prejudice against the party charged'") (quoting *Outley v. City of New York*, 837 F.2d 587, 592 (2d Cir. 1988)). Jasper Wyman, however, contends that it "is not offering evidence of the State Court Action to prove the Plaintiff is litigious." *Def.'s Opp'n* at 4. It submits that the defendant "intends to argue that evidence of Plaintiff's

13

contradictory assertions in the State Court Action is relevant to cast doubt on Plaintiff's belief in his own claims in the present case." *Id.* at 5. The evidence that Jasper Wyman intends to introduce is therefore not "character evidence" and should not be excluded under Rule 404.

Even if admissible to prove something other than Mr. Jones' character, the Court may nevertheless exclude "relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. Even if not admitted to show the plaintiff's litigiousness, there remains a high risk of prejudice against Mr. Jones if the jury were to be told of this action. *See Outley*, 837 F.2d at 592 ("Litigiousness is the sort of character trait with which Rule 404(b) is concerned. Evidence that [the plaintiff] had filed several lawsuits against the City, and in particular against police officers, would undoubtedly cause the jury to question the validity of Outley's current claims").

In conclusion, the Court views Jasper Wyman's attempt to admit evidence of Mr. Jones' state lawsuit as marginally relevant and properly excludable under Federal Rule of Evidence 403. The Court concludes that it will enhance the jury's consideration of the issues in this lawsuit if the parties concentrate on the claims and defenses here, rather than the claims and defenses of a pending but stayed state lawsuit.

## VI.   CONCLUSION

The Court GRANTS the Plaintiff's Motion in Limine to Exclude Evidence of Plaintiff's Separate Lawsuit Against Defendant (ECF No. 89).

SO ORDERED.

/s/ John A. Woodcock, Jr.  
JOHN A. WOODCOCK, JR.  
UNITED STATES DISTRICT JUDGE

Dated this 8th day of November, 2022