UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KENNETH JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:20-cv-00383-JAW |
| JASPER WYMAN & SON, | ) ) ) |
| Defendant. | ) ) ) |

**ORDER ON DEFENDANT'S MOTION TO QUASH**

In anticipation of trial, the defendant filed a motion to quash the trial subpoena the plaintiff served on a member of its Board of Directors because the Board Member lives 212 miles from the federal courthouse where the trial is scheduled to take place and cannot be subpoenaed under Federal Rule of Civil Procedure 45. The Court grants the motion to quash the subpoena to testify at a trial because the trial is taking place more than 100 miles of where the subpoenaed person resides, is employed, or transacts business and is not a party or an employee of a party.

## I.   PROCEDURAL BACKGROUND[1]

On March 13, 2020, Kenneth Jones filed a three-count complaint in Washington County Superior Court in Machias, Maine, against his former employer, Jasper Wyman & Son (Jasper Wyman) alleging breach of contract, breach of quasi-contract in quantum meruit, and unjust enrichment. *Decl. of Elizabeth T. Johnson*

---

[1]   The Court assumes familiarity with the factual background of this case, and thus recites only the relevant procedural history in this order. For an exhaustive account of the factual allegations, readers may refer to the Court's summary judgment order. *See Order on Mot. for Summ. J.* at 4-60 (ECF No. 58).

*in Supp. of Notice of Removal* (ECF No. 3) (*State Ct. R.*), Attach. 2, *Compl.*; *id.*, Attach. 1, *Docket R.* at 1 (*Docket R.*). On October 14, 2020, Mr. Jones amended his state court complaint to allege racial discrimination in contracting and to add a claim that Jasper Wyman retaliated against him for opposing unequal treatment, both in violation of 42 U.S.C. § 1981. *Id.*, Attach. 6, *Am. Compl*; *Docket R.* at 2. On October 16, 2020, Jasper Wyman removed this case to federal court and answered the Amended Complaint. *Def. Jasper Wyman & Son's Notice of Removal* (ECF No. 1); *Def. Jasper Wyman & Son's First Am. Answer and Affirmative Defenses to Pl.'s First Am. Compl.* (ECF No. 4).

On April 7, 2021, following discovery, Mr. Jones filed a motion for leave to amend his complaint to add an additional factual basis of pay discrimination. *Pl.'s Mot. for Leave to File Second Am. Compl. and Amendment of the Scheduling Order* (ECF No. 15). On April 23, 2021, the Magistrate Judge granted the motion and Mr. Jones filed his second amended complaint. *Order* (ECF No. 17); *Pl.'s Second Am. Compl.* (ECF No. 18) (*Compl.*).

On September 21, 2021, Jasper Wyman moved for summary judgment, *Def. Jasper Wyman & Son's Mot. for Summ. J.* (ECF No. 44), which on July 18, 2022, the Court granted in part and denied in part in a one hundred forty-page order. *Order on Mot. for Summ. J.* (ECF No. 58). On September 7, 2022, the Court held a pretrial conference, *Min. Entry* (ECF No. 72), and the next day, the Court issued a final pretrial order, setting the deadlines for pretrial motions and setting trial for October 31, 2022 to November 4, 2022. *Report of Final Pretrial Conference and Order* (ECF

No. 74). On September 14, 2022, the Court, needing to reset the trial dates to avoid a scheduling conflict with another trial, scheduled a telephone conference with the parties. *Notice of Hearing* (ECF No. 78). On October 6, 2022, the Court held a telephone conference with the parties and rescheduled trial for November 16, 2022 to November 22, 2022. *Min. Entry* (ECF No. 96).

On October 26, 2022, Mr. Jones served a subpoena on Edward Flanagan, a member of Jasper Wyman's Board of Directors, and on October 31, 2022, Jasper Wyman filed a motion to quash Mr. Flanagan's subpoena. *Def. Jasper Wyman & Son's Mot. to Quash* (ECF No. 116) (*Mot. to Quash*). On November 4, 2022, Mr. Jones filed his response to Jasper Wyman's motion. *Pl.'s Resp. in Opp'n to Def.'s Mots. to Quash* (ECF No. 123) (*Pl.'s Opp'n*). On November 7, 2022, Jasper Wyman filed its reply. *Def. Jasper Wyman & Son's Reply in Supp. of Mt. to Quash* (ECF No. 128) (*Def.'s Reply*).

## II.  THE PARTIES' POSITIONS

### A.  Jasper Wyman & Son's Motion to Quash

Jasper Wyman argues that the Court should grant its motion to quash Mr. Flanagan's subpoena because the subpoena does not comply with Federal Rule of Civil Procedure 45 because Mr. Flanagan "lives in Boxford, Massachusetts . . . approximately 212 miles from the Federal Courthouse in Bangor, Maine [while] Rule 45(c)(1) . . . [generally] allows a person to be subpoenaed for a trial that is located within 100 miles of their home or place of business." *Def.'s Mot.* at 1. Jasper Wyman submits that "[a]lthough [Mr. Flanagan] is a member of Wyman's Board, he is

3

retired," *id.*, and "Mr. Flanagan was not involved in any of the decisions that give rise to Plaintiff's complaint." *Id.* at 2.

### B. Kenneth Jones' Opposition

Mr. Jones argues that his subpoena of Mr. Flanagan "complies with Rule 45(c)(1)(B) because Mr. Flanagan is employed as a director of defendant . . . which is a Maine corporation," and Rule 45(c)(1)(b) "authorizes subpoena for trial 'within the state where the person [] is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense.'" *Pl.'s Opp'n* at 1 (quoting FED. R. CIV. P. 45(c)(1)(B)). Mr. Jones contends that "[o]n information and belief, Mr. Flanagan is compensated by defendant for his work as a director, and he thus qualifies under Rule 45(1)(B) as a person 'employed' in Maine." *Id.* Mr. Jones further contends that "[a]s a director, Mr. Flanagan should be considered as an officer of defendant." *Id.*

Mr. Jones submits that "[a]s a second ground supporting the subpoena, Mr. Flanagan is regularly conducting business in Maine, which [he] believes to be done in person, by directing Jasper Wyman & Son's corporate actions, and appearing at its board meetings." *Id.* at 2. Mr. Jones further submits that "Mr. Flanagan conducts another business in Maine because he has been a corporate director for Maine corporation, Hancock Lumber, since 2019." *Id.*

Finally, Mr. Jones argues that he "deposed Mr. Flanagan as part of discovery for the very reason that he had information relevant to defendant's practices, decision-making process and policies which bear on Mr. Jones' claims," *id.*, and "it is

4

not unduly burdensome for Mr. Flanagan to appear at trial . . . [because] plaintiff's counsel would notify the witness of the date(s) and time(s) appearance would be required." *Id.* at 3.

### C. Jasper Wyman & Son's Reply

Jasper Wyman first argues that "although Mr. Flanagan is a member of Defendant's Board of Directors, he is not an employee . . . [because] whether Mr. Flanagan is an employee . . . is based on an analysis of factual circumstances." *Def.'s Reply* at 1. Jasper Wyman submits that "[a]mong the factors of whether an individual is an employee are 'whether and, if so, to what extent the organization supervises the individual's work,' 'whether the individual reports to someone higher in the organization,' and 'whether the parties intended that the individual be an employee, as expressed in written agreements or contracts,' among others." *Id.* at 1-2 (quoting *Fichman v. Media Center*, 512 F.3d 1157, 1160 (9th Cir. 2008)).

Jasper Wyman next argues that Mr. Flanagan "does not regularly transact business in the state of Maine [because] Mr. Flanagan has only minimal in-person contacts." *Id.* at 2. Jasper Wyman submits that its "[b]oard meetings occur on a quarterly basis [and t]he only other contact Mr. Flanagan has with the State is through his participation on the Board of Directors of a Maine-based lumber company, which likewise has only quarterly Board meetings." *Id.* Jasper Wyman therefore contends that "[b]ecause Mr. Flanagan's contacts with the state are so minimal and infrequent, and he likewise does not transact business in the State, he is not subject to a subpoena issued pursuant to [Rule] 45(c)." *Id.* Finally, Jasper

5

Wyman submits that Mr. Jones "has already deposed Mr. Flanagan and could have designated his deposition testimony," further supporting his contention that Mr. Flanagan "should not now be required to undergo significant inconvenience to provide trial testimony in this matter when he lives over 200 miles from the Court, is retired, is not an employee of Defendant, and has minimal contacts with the State." *Id.* at 3.

### III. DISCUSSION

Federal Rule of Civil Procedure 45(c)(1)(B) dictates:

> **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
> **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
> **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
> **(i)** is a party or a party's officer; or
> **(ii)** is commanded to attend a trial and would not incur substantial expense.

Although courts use differing definitions of "employee" in different legal contexts and neither party has provided a legal definition of "employee" specific to Rule 45, it is clear to the Court that to be classified as an "employee," an individual must report to or be responsible to someone of a higher position within the company. *See Fichman*, 512 F.3d at 1160 ("The Court then described six factors relevant to determining whether a director is an employee [in the EEOC context]: [1] Whether the organization can hire or fire the individual or set the rules and regulations of the individual's work; [2] Whether and, if so, to what extent the organization supervises the individual's work; [3] Whether the individual reports to someone higher in the organization; [4] Whether and, if so, to what extent the individual is able to influence

the organization; [5] Whether the parties intended that the individual be an employee, as expressed in written agreements or contracts; [and 6] Whether the individual shares in the profits, losses, and liabilities of the organization") (citing *Clackamas Gastroenterology Assocs. P.C. v. Wells*, 538 U.S. 440 (2003)); *Kern v. City of Rochester*, 93 F.3d 38, 47 (2d Cir. 1996) (holding the trial judge properly determined the non-officer board members were not employees because "[t]here is no indication that any of [them] performed any traditional employee duties, such as maintaining records or managing the office . . . or [being] responsible to anyone but themselves"); *Parker v. Yuba Cnty. Water Dist.*, No. 02:06-CV-0340-GEB-KJM, 2006 U.S. Dist. LEXIS 69198, at *7 (E.D. Cal. Sep. 13, 2006) ("The members of the Board of Directors did not report to a higher authority within the business; therefore, they were not subject to the District's control [and c]onsequently, the five members of the Board of Directors were not employees for the purposes of the ADA").

Although Jasper Wyman apparently is a private company, the distinction between non-employee and employee directors is an important and well-recognized distinction for publicly held companies. *See* 17 C.F.R. § 240.16b-3(b)(3) (defining Non-Employee Director). Indeed, the SEC requires for some transactions that non-employee directors approve a corporate decision. *Id.* § 240.16b-3(d)(1) ("The transaction is approved by the board of directors of the issuer, or a committee of the board of directors that is composed solely of two or more Non-Employee Directors").

It would be consistent with this SEC distinction to conclude that, unless an employee is a director, a director is not an employee.

There is no evidence that Jasper Wyman employs or ever employed Mr. Flanagan. First, Jasper Wyman has represented (which the Court accepts) that Mr. Flanagan is retired and therefore, he is not employed. Second, there is no evidence here that Mr. Flanagan fit within a common definition of employee. There is no suggestion in this record that he reported to anyone or was responsible to a person higher up in Jasper Wyman. In fact, as a member of the Board of Directors, Mr. Flanagan would have been receiving reports and updates from the highest-level officials and officers at Jasper Wyman. The Court therefore cannot determine that Mr. Flanagan held any role at Jasper Wyman other than being a general member of the Board of Directors.

The Court moreover finds that Mr. Flanagan's attendance at quarterly board meetings at Jasper Wyman does not allow Mr. Flanagan to fit under Rule 45 as an individual who "regularly transacts business in person" in Maine. FED. R. CIV. P. 45(c)(1)(B). In *Perez v. Progenics Pharm., Inc.*, No. 10-cv-08278 (LAP), 2015 U.S. Dist. LEXIS 83557 (S.D.N.Y. June 24, 2015), the trial judge found that attendance of "at least quarterly" board meetings did not constitute regularly transacting business in person under Rule 45. *Id.* at *6 ("Although the Court is not aware of a specific number of days per year that [the subpoenaed board member] spends in New York to conduct business, it appears a stretch to say that she opened herself up to testifying in New York by virtue of her occasional meetings in [New York]").

The Court accepts Mr. Jones' statement that Mr. Flanagan attends two sets of quarterly board meetings each year in Maine. Mr. Jones, however, provides no caselaw to support his argument that attending two sets of quarterly board meetings in Maine, totaling eight meeting per year, equates to "regularly transact[ing] business in person" in Maine. The Court finds no caselaw to indicate that it would. The Court therefore concludes that Mr. Flanagan does not "regularly transact[] business in person" in Maine. *See Perez*, 2015 U.S. Dist. LEXIS 83557, at *6 ("[S]uch infrequent trips do not appear to fit within the meaning of Rule 45(c)(1)(A)'s requirement that a witness only be forced to appear at trial in person within 100 miles of where she 'regularly transacts business in person'"); *M'Baye v. N.J. Sports Prod.*, 246 F.R.D. 205, 207-08 (S.D.N.Y. 2007) ("[T]raveling to an area within a 100-mile radius for fourteen to eighteen days in two years is insufficient to render a person amenable to subpoena").

Because Mr. Flanagan lives in Boxford, Massachusetts, 212 miles from the federal courthouse in Bangor, Maine and is neither a Jasper Wyman employee or officer nor an individual who "regularly transacts business in person" in Maine, Mr. Flanagan has not been properly subpoenaed under Rule 45. *Mustafa Dogan Dairy Consulting, LLC v. La Colombe Torrefactions, Inc.*, No. 1:17-cv-277, 2018 U.S. Dist. LEXIS 228934, at *6 (W.D. Mich. Sept. 7, 2018) ("Although the rule does not define 'regularly transacts business,' court have consistently held that infrequent and sporadic business trips to an area are insufficient for purposes of the subpoena rule").

## VI.  CONCLUSION

The Court GRANTS the Defendant's Motion to Quash (ECF No. 116).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 8th day of November, 2022

10