UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KENNETH JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:20-cv-00383-JAW ) |
| JASPER WYMAN & SON, | ) ) |
| Defendant. | ) ) ) |

**ORDER ON DEFENDANT'S MOTION IN LIMINE TO EXCLUDE UNDISCLOSED WITNESSES AND EXPERT OPINIONS**

In anticipation of trial, the defendant moves in limine to preclude the plaintiff from offering as witnesses at trial three specific witnesses and any other rebuttal witnesses the plaintiff failed to disclose during discovery. The plaintiff concedes that he has not provided discovery for these witnesses but maintains that he is not required to do so because he intends to call the witnesses for impeachment, which does not typically require disclosure. As the Court does not have enough information about the testimony of the proposed witnesses and the context of their anticipated testimony to distinguish between rebuttal and impeachment testimony, the Court defers ruling until trial.

The defendant further moves to preclude the plaintiff from offering any expert opinions because he has not identified any expert witnesses that he intends to call at trial. As the plaintiff confirms that he does not intend to call an expert witness, the Court dismisses this part of the motion as moot.

I.   PROCEDURAL BACKGROUND[1]

On March 13, 2020, Kenneth Jones filed a three-count complaint in Washington County Superior Court in Machias, Maine, against his former employer, Jasper Wyman & Son (Jasper Wyman) alleging breach of contract, breach of quasi-contract in quantum meruit, and unjust enrichment. *Decl. of Elizabeth T. Johnson in Supp. of Notice of Removal* (ECF No. 3) (*State Ct. R.*), Attach. 2, *Compl.*; *id.*, Attach. 1, *Docket R.* at 1 (*Docket R.*). On October 14, 2020, Mr. Jones amended his state court complaint to allege racial discrimination in contracting and to add a claim that Jasper Wyman retaliated against him for opposing unequal treatment, both in violation of 42 U.S.C. § 1981. *Id.*, Attach. 6, *Am. Compl*; *Docket R.* at 2. On October 16, 2020, Jasper Wyman removed this case to federal court and answered the Amended Complaint. *Def. Jasper Wyman & Son's Notice of Removal* (ECF No. 1); *Def. Jasper Wyman & Son's First Am. Answer and Affirmative Defenses to Pl.'s First Am. Compl.* (ECF No. 4).

On April 7, 2021, following discovery, Mr. Jones filed a motion for leave to amend his complaint to add an additional factual basis of pay discrimination. *Pl.'s Mot. for Leave to File Second Am. Compl. and Amendment of the Scheduling Order* (ECF No. 15). On April 23, 2021, the Magistrate Judge granted the motion and Mr. Jones filed his second amended complaint. *Order* (ECF No. 17); *Pl.'s Second Am. Compl.* (ECF No. 18) (*Compl.*).

---

[1]   The Court assumes familiarity with the factual background of this case, and thus recites only the relevant procedural history in this order. For an exhaustive account of the factual allegations, readers may refer to the Court's summary judgment order. *See Order on Mot. for Summ. J.* at 4-60 (ECF No. 58).

On September 21, 2021, Jasper Wyman moved for summary judgment, *Def. Jasper Wyman & Son's Mot. for Summ. J.* (ECF No. 44), which on July 18, 2022, the Court granted in part and denied in part in a one hundred forty-page order. *Order on Mot. for Summ. J.* (ECF No. 58). On September 7, 2022, the Court held a pretrial conference, *Min. Entry* (ECF No. 72), and the next day, the Court issued a final pretrial order, setting the deadlines for pretrial motions and setting trial for October 31, 2022 to November 4, 2022. *Report of Final Pretrial Conference and Order* (ECF No. 74). On September 14, 2022, the Court, needing to reset the trial dates to avoid a scheduling conflict with another trial, scheduled a telephone conference with the parties. *Notice of Hearing* (ECF No. 78). On October 6, 2022, the Court held a telephone conference with the parties and rescheduled trial for November 16, 2022 to November 22, 2022. *Min. Entry* (ECF No. 96).

On October 3, 2022, Jasper Wyman filed a motion in limine to exclude undisclosed witnesses and expert opinions. *Def. Jasper Wyman & Son's Omnibus Mots. in Lim. and Mem. of Law* at 3-6 (ECF No. 94) (*Omnibus Mot.*). On October 18, 2022, Mr. Jones filed his opposition to Jasper Wyman's motion. *Pl.'s Resp. in Opp'n to Def.'s Mots. in Lim.* at 3-8 (ECF No. 105) (*Pl.'s Opp'n*).

## II.   THE PARTIES' POSITIONS

### A.   Jasper Wyman & Son's Motion in Limine

#### 1. Witnesses John Hall, Jonathan Hedberg, Joshua Sawyer, and other undisclosed rebuttal witnesses

Jasper Wyman submits that "Plaintiff's witness list included three fact witnesses—John Hall, Jonathan Hedberg, and Joshua Sawyer—that he did not

3

disclose in his initial or supplemental disclosures as required by Federal Rules and the Court's scheduling orders" and that "Plaintiff's counsel indicated during the pretrial conference that she may call several unnamed witnesses from Nova Scotia for rebuttal, who do not appear to be listed on her witness list." *Omnibus Mot.* at 3. Jasper Wyman further submits that "[n]either party listed these [three] individuals in its initial disclosures[,] Defendant identified them in its May 7, 2021 interrogatory responses as among 26 [Jasper] Wyman employees who were or were not paid mileage reimbursement for business travel[, t]hey have not been deposed[, and t]hey were not included on Plaintiff's list of potential witnesses in his pretrial memorandum." *Id.* at 3-4.

Jasper Wyman argues that under Federal Rule of Civil Procedure 26(a), Mr. Jones is required "to disclose information it may use to support its denial *or rebuttal* of the allegations, claim, or defense of another party." *Id.* at 4 (quoting FED. R. CIV. P. 26(a)(1), advisory committee note to 2000 amendment). Jasper Wyman submits that because Mr. Jones failed to provide information or identify these witnesses "as required by Rule 26(a) or (e)," Mr. Jones is not allowed to call these witnesses at trial unless the failure to identify them was "substantially justified or is harmless." *Id.* at 5 (citing FED. R. CIV. P. 37(c)(1)). Jasper Wyman further submits that Mr. Jones' "failure to identify these potential trial witnesses before the close of fact discovery is neither justified nor harmless" because "there was no reason for Defendant to anticipate that these witnesses would be called at trial, and it is too late for Defendant to identify its own witnesses to rebut or supplement these witnesses' testimony." *Id.*

Finally, Jasper Wyman submits that it would be "undoubtedly prejudiced" by Plaintiff's tactic, because Defendant would never have had an opportunity to depose them or prepare its defenses to their testimony, including calling its own rebuttal witnesses." *Id.*

### 2. Expert Opinions

Jasper Wyman contends that "plaintiff has suggested he may call an expert at trial during the punitive damages phase" and "has not identified any expert witnesses that he intends to call at trial." *Id.* at 6. Jasper Wyman argues that the plaintiff should be precluded from calling an expert because "Plaintiff had a duty to disclose the identity of any testifying expert, a statement of the expert's opinions, and the facts and data considered by the witness in forming them" by February 7, 2021. *Id.* (citing FED. R. CIV. P. 26(a)(2)).

### B.   Kenneth Jones' Opposition

#### 1. Witnesses John Hall, Jonathan Hedberg, Joshua Sawyer, and other undisclosed rebuttal witnesses

Mr. Jones argues that he had "no obligation to identify as potential fact witnesses John Hall, Joshua Sawyer, and John Hedberg under Federal Rule of Civil Procedure 26(a) and (e), because they would be used for impeachment, and because their role was otherwise made known to the parties during the discovery process." *Pl.'s Opp'n* at 4 (internal quotations omitted). Mr. Jones further argues that "their testimony would not qualify as substantive evidence because it would concern a subject that is irrelevant [to] the parties' claims in this case." *Id.* at 5. He submits that "[e]ven if their testimony was considered to be substantive evidence, it should

5

not be excluded [b]ecause defendant repeatedly identified these employees as comparators in its discovery answers . . . dispelling any claims of unfair surprise." *Id.* at 6.

Mr. Jones contends that "[o]nly if necessary to establish that these witnesses are not comparators, would plaintiff propose to offer the testimony of these witnesses to demonstrate that defendant's witness made false, pretextual claims, about its practices." *Id.* He further contends that this use constitutes impeachment evidence and that the "testimony of these witnesses, if needed, concerns a collateral matter of Wyman's actions toward employees who are not apt comparators to plaintiff . . . and does not qualify as substantive evidence, as defined in *Klonoski*: 'that which is offered to establish the truth of a matter to be determined by the trier of fact.'" *Id.* (quoting *Klonoski v. Mahlab*, 156 F.3d 255, 270 (1st Cir. 1998)). Mr. Jones therefore argues that "[i]n the event that defendant were allowed to introduce evidence about not paying mileage reimbursement to M[essrs.] Hall, Heldberg and Sawyer for local travel, plaintiff submits that the truth or falsity of its claims should be subject to impeachment by contradictory evidence to demonstrate that defendant's witness Norton, who has no personal knowledge on the subject, is not worthy of credence." *Id.* at 7. Mr. Jones further argues that "[w]hether the testimony would be 'rebuttal' is not determinative of whether it is substantive . . . because [he] disclosed their existence, and impeachment on a collateral matter is allowed." *Id.*

Finally, Mr. Jones argues that Jasper Wyman's request "that the Court bar plaintiff from calling any undisclosed witnesses from Nova Scotia, or elsewhere, for

6

impeachment should be denied because such use is explicitly allowed by Rule 26(a) and (e), without disclosure or identification in discovery." *Id.* Jasper Wyman contends that "Defendant's argument that plaintiff's counsel's use of the term 'rebuttal' to refer to the content of their potential testimony creates a bar on plaintiff from calling any witnesses for impeachment lacks support of authority." *Id.*

### 1. Expert Opinions

Mr. Jones submits that Jasper Wyman's "motion to exclude any expert opinions offered by plaintiff on punitive damages or other issues lacks factual basis [because] Plaintiff has made no indication of any intention to call an expert witness or otherwise offer expert opinions." *Id.* at 8. Mr. Jones explains how he proposed "his counsel have the opportunity to consult experts about the adequacy of the financial information provided" but that this Court's order "restricting disclosure of defendant's financial discovery to plaintiff's counsel's eyes only and administrative personnel made it clear there would be no opportunity to plaintiff's counsel to consult with any expert about the discovery." *Id.* (citing *Order Granting Motion for Supplemental Confidentiality Order* at 3 (ECF No. 70)). He contends that because "defendant's motion to exclude expert opinions lacks factual basis, the motion should be denied." *Id.*

### III. DISCUSSION

Federal Rule of Civil Procedure 26 requires that in general a party must "provide to the other parties . . . the name . . . of each individual likely to have discoverable information—along with the subjects of that information—that the

7

disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." FED. R. CIV. P. 26(a)(1)(A)(i), 26(e)(1). "'If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure . . . is harmless." *Burnett v. Ocean Props.*, 987 F.3d 57, 73 (1st Cir. 2021 (quoting FED. R. CIV. P. 37(c)(1)).

Mr. Jones submits that testimony by John Hall, Jonathan Hedberg, Joshua Sawyer, and any other undisclosed witnesses will be for impeachment purposes only. *Pl.'s Opp'n* at 5 ("Preclusion is not available because plaintiff is offering the testimony of these witnesses solely for impeachment"). Jasper Wyman does not argue otherwise or submit that use of this evidence would necessarily be substantive.

The Court is unable to rule on the motion as presented because it does not have enough information. The civil rules advisory committee note suggests that a party must disclose evidence about rebuttal witnesses. FED. R. CIV. P. 26(a)(1), advisory committee's note to 2000 amendment ("The disclosure obligation applies to 'claims and defenses,' and therefore requires a party to disclose information it may use to support its denial <u>or rebuttal</u> of the allegations, claim or defense of another party") (emphasis supplied); *United States v. 434 Main St.*, No. 09-11635-JGD, 2012 U.S. Dist. LEXIS 159532, at *2 (D. Mass. Nov. 7, 2012) ("[T]he fact that the [plaintiff] proposes to use [a previously undisclosed witness] solely for purposes of rebutting [defendant's] defense does not constitute an adequate excuse for its failure to identify [the witness] as a potential witness under Rule 26(a)(1)(A)").

8

However, the Rule exempts impeachment evidence from disclosure. FED. R. CIV. P. 26(a)(1) ("[A] party must provide to the other parties: the name and, if known, the address and telephone number of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses, <u>unless the use would be solely for impeachment</u>") (emphasis supplied); FED. R. CIV. P. 37, advisory committee's note to 1993 amendment ("As disclosure of evidence offered solely for impeachment purposes is not required under those rules, this preclusion sanction likewise does not apply to that evidence"). The line between rebuttal and impeachment evidence is not always crystal clear and it is murky in this case with these witnesses. The parties have not presented enough of a factual context of the proposed testimony of these undisclosed witnesses to allow the Court to draw the distinction in this case for these witnesses. The Court will revisit this issue, if necessary, at trial when the full context of the proposed testimony becomes clearer.

Finally, because Mr. Jones has indicated that he will not call an expert witness at trial, the Court dismisses as moot Jasper Wyman's motion to exclude expert opinions.

## VI. CONCLUSION

The Court DISMISSES without prejudice the Defendant's Motion in Limine to Exclude Undisclosed Witnesses and Expert Opinions (ECF No. 94 at 3-6).

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u><br>
JOHN A. WOODCOCK, JR.<br>
UNITED STATES DISTRICT JUDGE

Dated this 9th day of November, 2022