UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KENNETH JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:20-cv-00383-JAW |
| JASPER WYMAN & SON, | ) ) ) |
| Defendant. | ) ) ) |

**ORDER ON PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE UNDISCLOSED SUBJECTS OF TESTIMONY OF DEFENDANT'S WITNESS RALPH YOUNG**

In anticipation of trial, the plaintiff filed a motion in limine seeking to exclude all examination and testimony of a defendant's witness on subjects not disclosed in discovery. The Court concludes that the defendant committed a discovery violation but defers final ruling to allow the attorneys to explore alternatives.

**I.    PROCEDURAL BACKGROUND[1]**

On March 13, 2020, Kenneth Jones filed a three-count complaint in Washington County Superior Court in Machias, Maine, against his former employer, Jasper Wyman & Son (Jasper Wyman) alleging breach of contract, breach of quasi-contract in quantum meruit, and unjust enrichment. *Decl. of Elizabeth T. Johnson in Supp. of Notice of Removal* (ECF No. 3) (*State Ct. R.*), Attach. 2, *Compl.*; *id.*, Attach. 1, *Docket R.* at 1 (*Docket R.*). On October 14, 2020, Mr. Jones amended his state court

---

[1]    The Court assumes familiarity with the factual background of this case, and thus recites only the relevant procedural history in this order. For an exhaustive account of the factual allegations, readers may refer to the Court's summary judgment order. *See Order on Mot. for Summ. J.* at 4-60 (ECF No. 58).

complaint to allege racial discrimination in contracting and to add a claim that Jasper Wyman retaliated against him for opposing unequal treatment, both in violation of 42 U.S.C. § 1981. *Id.*, Attach. 6, *Am. Compl*; *Docket R.* at 2. On October 16, 2020, Jasper Wyman removed this case to federal court and answered the Amended Complaint. *Def. Jasper Wyman & Son's Notice of Removal* (ECF No. 1); *Def. Jasper Wyman & Son's First Am. Answer and Affirmative Defenses to Pl.'s First Am. Compl.* (ECF No. 4).

On April 7, 2021, following discovery, Mr. Jones filed a motion for leave to amend his complaint to add an additional factual basis of pay discrimination. *Pl.'s Mot. for Leave to File Second Am. Compl. and Amendment of the Scheduling Order* (ECF No. 15). On April 23, 2021, the Magistrate Judge granted the motion and Mr. Jones filed his second amended complaint. *Order* (ECF No. 17); *Pl.'s Second Am. Compl.* (ECF No. 18) (*Compl.*).

On September 21, 2021, Jasper Wyman moved for summary judgment, *Def. Jasper Wyman & Son's Mot. for Summ. J.* (ECF No. 44), which on July 18, 2022, the Court granted in part and denied in part in a one hundred forty-page order. *Order on Mot. for Summ. J.* (ECF No. 58). On September 7, 2022, the Court held a pretrial conference, *Min. Entry* (ECF No. 72), and the next day, the Court issued a final pretrial order, setting the deadlines for pretrial motions and setting trial for October 31, 2022 to November 4, 2022. *Report of Final Pretrial Conference and Order* (ECF No. 74). On September 14, 2022, the Court, needing to reset the trial dates to avoid a scheduling conflict with another trial, scheduled a telephone conference with the

parties. *Notice of Hearing* (ECF No. 78). On October 6, 2022, the Court held a telephone conference with the parties and rescheduled trial for November 16, 2022 to November 22, 2022. *Min. Entry* (ECF No. 96).

On October 3, 2022, Mr. Jones filed a motion in limine to exclude all examination and testimony of the defendant's witness Ralph Young on subjects not stated in Jasper Wyman's answer to Mr. Jones' interrogatories. *Pl.'s Mot. in Lim. to Exclude Undisclosed Subjects of Test. of Def.'s Witness Ralph Young* (ECF No. 88) (*Pl.'s Mot.*). On October 18, 2022, Jasper Wyman filed its opposition to Mr. Jones' motion. *Def.'s Opp'n to Pl.'s Mot. in Lim. to Exclude Undisclosed Subjects of Test. of Def.'s Witness Ralph Young* (ECF No. 111) (*Def.'s Opp'n*).

## II. THE PARTIES' POSITIONS

### A. Kenneth Jones' Motion in Limine

Mr. Jones explains that "[i]n its Witness List for trial of September 19, 2022, defendant identified Ralph Young, its Prince Edward Island (PEI) Plant Manager, as a fact witness with proposed subjects of testimony:

> Mr. Young is expected to testify about Mr. Jones' duties, responsibilities, conditions and schedule at the PEI facility; Mr. Jones' travel to and from the PEI facility; Mr. Jones' relationship with Mr. Young and other Wyman employees."

*Pl.'s Mot.* at 1 (quoting *Def.'s Witness List* at 3 (ECF No. 82)).

Mr. Jones submits that Jasper Wyman "did not identify Mr. Young as having information on those proposed subjects in discovery," stating that in its "initial disclosures of November 18, 2020, defendant identified Mr. Young as having discoverable information defendant might use in support of its claims as follows:

3

> Information regarding Plaintiff's job duties and performance in PEI and Plaintiff's inquiry into mileage reimbursement with Shannon Fickett."

*Id.* at 2 (quoting Exhibit 1, *Excerpt from Defendant's Initial Disclosures*). Mr. Jones further submits that when he "served an interrogatory seeking to pin down exactly what information defendant contended Mr. Young had, defendant further limited the scope of information . . . to a single conversation [in 2016 or 2017] with Plaintiff" regarding his mileage reimbursement agreement. *Id.* Mr. Jones contends that "[b]ased on defendant's answer regarding the limited information Mr. Young possessed, plaintiff opted not to depose him." *Id.* at 3.

Mr. Jones argues that Jasper Wyman's "current designation of the subjects for testimony for Mr. Young should be stricken because [it is] in direct conflict with its statement about what information he possessed" and therefore is barred by Federal Rule of Civil Procedure 37(c)(1). *Id.* Mr. Jones further argues that "[b]ecause defendant did not supplement its answer to plaintiff's Interrogatory 21 as required by Rule 26(e)(1), and because the failure to supplement is not harmless, the baseline rule is that exclusion of the undisclosed information is mandatory." *Id.* at 4 (citing *Santiago-Diaz v. Laboratorio Clinico Y De Referencia Del Este*, 456 F.3d 272, 276 (2006)). Relying on the First Circuit's formulation of the exclusion rule for discovery violations in *Burnett v. Ocean Properties Ltd.*, 987 F.3d 57 (1st Cir. 2021), Mr. Jones submits that the "belated disclosure ambushes plaintiff with surprise" and leaves Mr. Jones with "no opportunity to adequately cross examine Mr. Young on the newly disclosed subjects of testimony, creating material prejudice to plaintiff Jones at trial." *Id.* at 4-5.

4

Finally, Mr. Jones argues that Jasper Wyman's "belated disclosure of the subjects [about which] it intends Mr. Young to testify attempts to avoid its obligation to respond fully to discovery requests and to supplement any incorrect responses, to its advantage and plaintiff's disadvantage." *Id.* at 5.

**B.     Jasper Wyman & Son's Opposition**

Jasper Wyman submits that "because the proposed topics of Mr. Young's testimony have been previously disclosed or are otherwise known to Plaintiff, the proposed testimony from Mr. Young should be permitted." *Def.'s Opp'n* at 1. Jasper Wyman contends that Mr. Young's knowledge about Mr. Jones' duties, responsibilities, conditions, and schedule at the PEI facility and Mr. Jones' travel to and from the PEI facility "has been disclosed from early in this case." *Id.* at 2. Jasper Wyman explains that it "listed Mr. Young in its November 2020 initial disclosures as having [i]nformation regarding Plaintiff's job duties and performance in PEI and Plaintiff's inquiry into mileage reimbursement arrangement with Shannon Fickett." *Id.* (internal citations omitted). Jasper Wyman further submits that "Plaintiff's duties, responsibilities, schedule, and work in PEI and his travel to and from PEI are fundamental to this action and have been heavily addressed during discovery by nearly every potential witness deposed," so "the prospect that the Plant Manager in PEI with whom Plaintiff worked would testify about these topics should come as no surprise to Plaintiff, particularly when Plaintiff has identified Mr. Young as a person with knowledge in the case." *Id.*

Jasper Wyman next contends that '[a]s to Mr. Young's testimony regarding Plaintiff's relationship with Mr. Young and other Wyman employees, Plaintiff testified about this topic at his January 2021 deposition . . . [and] clearly identified Mr. Young as one of several individuals with whom he had a relationship." *Id.* at 3. Jasper Wyman therefore contends that "despite the fact that Defendant did not supplement its interrogatory responses . . . it had no duty to do so because all of the identified topics for testimony were otherwise made known to Plaintiff through discovery and in Plaintiff's own disclosures." *Id.*

Finally, Jasper Wyman argues that "[e]ven if this Court determines that Defendant had an obligation to supplement its disclosures or discovery responses as to the scope of Mr. Young's knowledge . . . such an error was harmless . . . because all proposed topics for Mr. Young's testimony are about Plaintiff and areas of which Plaintiff has firsthand knowledge." *Id.* at 4. Jasper Wyman therefore contends that "[t]he fact that Plaintiff never deposed Mr. Young to explore the bounds of his testimony is not grounds for excluding his testimony now." *Id.*

## III.  DISCUSSION

Federal Rule of Civil Procedure 37(c)(1) provides:

> (1) *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Federal Rule of Civil Procedure 26(e)(1)(A) provides:

> (1) *In General.* A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or

6

> request for admission—must supplement or correct its disclosure or response:
>
> > (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

"If the tardy disclosure will significantly impact the scheduling order or the other party's ability to properly respond to the use of the evidence in the motion or at trial, then the tardy disclosure cannot be considered harmless." *Alden v. Office Furniture Distribs. of New England*, No. 1:10-cv-00316-GZS, 2011 U.S. Dist. LEXIS 49819, at *9 (D. Me. May 9, 2011). The party that has failed to timely disclose must "show that its failure to comply with the Rule by not filing its supplemental disclosure . . . [i]s harmless and deserving of some lesser sanction other than mandatory exclusion. *Id.* (citing *Wilson v. Bradlees of New England*, 250 F.3d 10, 21 (1st Cir. 2001)).

Mr. Jones correctly points out that in the initial disclosures of November 18, 2020, Jasper Wyman limited Mr. Young's knowledge of discoverable information to two areas: (1) Mr. Jones' "job duties and performance in PEI;" and (2) Mr. Jones' inquiry into mileage reimbursement arrangement with Shannon Fickett." *Pl.s' Mot.* at 2. In response to Mr. Jones' interrogatories, Jasper Wyman first objected to answering Mr. Jones' interrogatory about Mr. Young, stating that "Ralph Young was not Plaintiff's direct supervisor and had no role in approving Plaintiff's mileage." *Id.*

Then in response to a broadly phrased inquiry about "all information that Ralph Young has regarding this case," Jasper Wyman reiterated its objection that "Ralph Young was not Plaintiff's direct supervisor and had no role in approving

7

Plaintiff's mileage." *Id*. Attach. 2 ¶ 21. Jasper Wyman's response limited its answer to the second issue initially disclosed, namely a single conversation in 2016 or 2017:

> Ralph Young recalls Plaintiff asking about having a conversation about mileage reimbursement with Ken Jones around the 2016 or 2017 harvest season. Mr. Young recalled that Plaintiff expressed discontent with a mileage reimbursement agreement that he was receiving, which was reimbursement from his home to PEI facility minus his regular daily commute between his home and Cherryfield. Mr. Young does not recall his response but did not have knowledge or information regarding Plaintiff's arrangement. There are no documents recording this information.

*Id*.

In its September 19, 2022 witness list, Jasper Wyman revealed that it intended to call Mr. Young for a broader range of testimony:

> Mr. Young is expected to testify about Mr. Jones' duties, responsibilities, conditions and schedule at the PEI facility; Mr. Jones' travel to and from the PEI facility; Mr. Jones' relationship with Mr. Young and other Wyman employees.

*Def.'s Witness List* at 3.

The Court accepts Mr. Jones' contention that based on the more direct and specific answer to Interrogatory 21, he reasonably could have concluded that Mr. Young's only relevant information about this case concerned a single conversation with Mr. Jones in 2016 or 2017 about Mr. Jones' mileage reimbursement in which Mr. Jones expressed discontent and that Mr. Young could not recall his response. The Court also accepts Mr. Jones' attorney's representation that "[b]ased on defendant's answer regarding the limited information Mr. Young possessed, plaintiff opted not to depose him." *Id*. at 3. Based on this alone, the Court concludes that Jasper Wyman failed to disclose during discovery that Mr. Young would testify about

8

anything other than his one relevant conversation with Mr. Jones. To set the stage for this disclosed testimony, the Court allows Mr. Young to testify about Mr. Young's position at Jasper Wyman in PEI, Mr. Jones' position, and how they knew each other. But Mr. Young will not be allowed to testify about 1) Mr. Jones' "duties, responsibilities, conditions, and schedule at the PEI facility; 2) Mr. Jones' "travel to and from the PEI facility;" and 3) Mr. Jones' "relationship . . . with other Wyman employees."

In *Esposito v. Home Depot U.S.A.*, 590 F.3d 72 (1st Cir. 2009), the First Circuit noted that even if a party failed to make a timely disclosure, "a party is not allowed to use that witness . . . 'to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless.'" *Id.* at 77 (quoting FED. R. CIV. P. 37(c)(1)). At the same time, the First Circuit observed that "[p]reclusion . . . is not a strictly mechanical exercise." *Id.* (citation omitted). The *Esposito* Court listed the factors a trial court should consider when determining the appropriate sanction for late disclosure, absent exclusion:

> Where a district court does opt in favor of preclusion, we review that decision with reference to a host of factors, including: (1) the history of the litigation; (2) the sanctioned party's need for the precluded evidence; (3) the sanctioned party's justification (or lack of one) for its late disclosure; (4) the opponent-party's ability to overcome the late disclosure's adverse effects -- e.g., the surprise and prejudice associated with the late disclosure; and (5) the late disclosure's impact on the district court's docket.

*Id.*

Applying *Esposito*, the Court is unclear about a couple of matters. First, the parties have not placed this discovery violation in the context of the history of this

9

litigation, and it is unclear how important Mr. Young's non-disclosed testimony would be to Jasper Wyman's defense. Although Mr. Jones urges exclusion of the non-disclosed testimony and Jasper Wyman urges no sanction, the parties have not discussed a sanction less onerous than exclusion, such as Jasper Wyman presenting Mr. Young for a brief deposition before he testifies and agreeing to pay the costs and plaintiff's attorney's fees associated with such a deposition.

Furthermore, other than accepting that Mr. Jones' counsel decided not to depose Mr. Jones, the Court is not sure about how his currently proposed testimony would affect Mr. Jones' presentation of his case. Thus, although the Court concludes that Jasper Wyman violated its discovery obligations by restricting its answer to Interrogatory 21, the Court defers its final ruling to allow the attorneys to speak to each other and advise the Court whether this matter has been resolved.

Finally, although Jasper Wyman cannot call Mr. Young to elicit substantive testimony on subjects not included in the defendant's answer to Mr. Jones' interrogatory, Jasper Wyman may nonetheless call Mr. Young for impeachment evidence on any subject. *See* FED. R. CIV. P. 26(a)(1)(A)(i), 26(e)(1) (Rule 26 requires that in general a party must "provide to the other parties . . . the name . . . of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment").

## VI. CONCLUSION

The Court DEFERS a final ruling on Mr. Jones' Motion in Limine to Exclude Undisclosed Subjects of Testimony of Defendant's Witness Ralph Young (ECF No. 88) and ORDERS counsel to file an updated status report on Mr. Young's testimony by the end of the day on Monday, November 14, 2022 .

SO ORDERED.

                                                /s/ John A. Woodcock, Jr.
                                                JOHN A. WOODCOCK, JR.
                                                UNITED STATES DISTRICT JUDGE

Dated this 10th day of November, 2022