UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| KENNETH JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-00383-JAW |
| | ) | |
| JASPER WYMAN & SON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER ON DEFENDANT'S MOTION IN LIMINE TO EXCLUDE REFERENCES TO OR EVIDENCE OF JASPER WYMAN'S FINANCIAL CONDITION OR SIZE**

In anticipation of trial, the defendant filed a motion in limine seeking to exclude during the liability phase of trial all evidence or testimony regarding its financial condition or size, including its assets, revenues, profitability, market share, or the fact that it is a large company, on the ground that it is irrelevant and unduly prejudicial.

**I.   PROCEDURAL BACKGROUND**[1]

On March 13, 2020, Kenneth Jones filed a three-count complaint in Washington County Superior Court in Machias, Maine, against his former employer, Jasper Wyman & Son (Jasper Wyman) alleging breach of contract, breach of quasi-contract in quantum meruit, and unjust enrichment. *Decl. of Elizabeth T. Johnson in Supp. of Notice of Removal* (ECF No. 3) (*State Ct. R.*), Attach. 2, *Compl.*; *id.*, Attach.

---

[1] The Court assumes familiarity with the factual background of this case, and recites only the relevant procedural history in this order. For an exhaustive account of the factual allegations, readers may refer to the Court's summary judgment order. *See Order on Mot. for Summ. J.* at 4-60 (ECF No. 58).

1, *Docket R.* at 1 (*Docket R.*). On October 14, 2020, Mr. Jones amended his state court complaint to allege racial discrimination in contracting and to add a claim that Jasper Wyman retaliated against him for opposing unequal treatment, both in violation of 42 U.S.C. § 1981. *Id.*, Attach. 6, *Am. Compl*; *Docket R.* at 2. On October 16, 2020, Jasper Wyman removed this case to federal court and answered the Complaint. *Def. Jasper Wyman & Son's Notice of Removal* (ECF No. 1); *Def. Jasper Wyman & Son's First Am. Answer and Affirmative Defenses to Pl.'s First Am. Compl.* (ECF No. 4).

On April 7, 2021, following discovery, Mr. Jones filed a motion for leave to amend his complaint to add an additional factual basis of pay discrimination. *Pl.'s Mot. for Leave to File Second Am. Compl. and Amendment of the Scheduling Order* (ECF No. 15). On April 23, 2021, the Magistrate Judge granted the motion and Mr. Jones filed his second amended complaint. *Order* (ECF No. 17); *Pl.'s Second Am. Compl.* (ECF No. 18) (*Compl.*).

On September 21, 2021, Jasper Wyman moved for summary judgment, *Def. Jasper Wyman & Son's Mot. for Summ. J.* (ECF No. 44), which on July 18, 2022, the Court granted in part and denied in part in a one hundred forty-page order. *Order on Mot. for Summ. J.* (ECF No. 58). On September 7, 2022, the Court held a pretrial conference, *Min. Entry* (ECF No. 72), and the next day, the Court issued a final pretrial order, setting the deadlines for pretrial motions and setting trial for October 31, 2022 to November 4, 2022. *Report of Final Pretrial Conference and Order* (ECF No. 74). On September 14, 2022, the Court, needing to reset the trial dates to avoid a scheduling conflict with another trial, scheduled a telephone conference with the

parties. *Notice of Hearing* (ECF No. 78). On October 6, 2022, the Court held a telephone conference with the parties and rescheduled trial for November 16, 2022 to November 22, 2022. *Min. Entry* (ECF No. 96).

On October 3, 2022, Jasper Wyman filed a motion in limine to exclude references to or evidence of Jasper Wyman's financial condition or size during the liability phase of trial. *Def. Jasper Wyman & Son's Omnibus Mots. in Lim. and Mem. of Law* at 1-3 (ECF No. 94) (*Omnibus Mot.*). On October 18, 2022, Mr. Jones filed his opposition to Jasper Wyman's motion. *Pl.'s Resp. in Opp'n to Def.'s Mots. in Lim.* at 1-3 (ECF No. 105) (*Pl.'s Opp'n*).

## II. THE PARTIES' POSITIONS

### A. Jasper Wyman & Son's Motion in Limine

Noting that the "Court has bifurcated for trial the issues of liability and compensatory damages from the issue of punitive damages," Jasper Wyman, "[f]or avoidance of doubt, and because Plaintiff's list of exhibits contains documents that seem designed to highlight the Defendant's size and wealth," moves to exclude "evidence or testimony regarding [Jasper] Wyman's financial condition or size (e.g., its assets, revenues, profitability, market share, or the fact that it is a large company) during the liability phase of trial on the grounds that it is irrelevant and unduly prejudicial." *Omnibus Mot.* at 1-2.

Jasper Wyman first argues that its "financial condition or size is not relevant to any substantive claim in this action" because "[t]he size of [Jasper] Wyman's balance sheet is irrelevant to whether [Jasper] Wyman was obligated by contract or

3

equity to reimburse [Mr.] Jones for business travel . . . [or] whether [Jasper] Wyman discriminated against him on the basis of his race and color." *Id.* at 2.

Jasper Wyman then argues that "[e]ven if [Jasper] Wyman's wealth were probative of [Jasper] Wyman's liability, the value of the evidence is substantially outweighed by the risk of unfair prejudice." *Id.* Jasper Wyman submits that "[c]ourts exclude evidence of a company's size or wealth 'when it is being offered only to appeal to the jury's economic bias' because 'such evidence is unfairly prejudicial, and therefore inadmissible.'" *Id.* (quoting *Burnett v. Ocean Props.*, No. 2:16-cv-00359-JAW, 2018 U.S. Dist. LEXIS 181667, at *5 (D. Me. Oct. 23, 2018)). Finally, Jasper Wyman contends that "[t]his Court's decision to bifurcate the case is in keeping with [relevant] precedent and the Plaintiff should not be permitted to circumvent that ruling." *Id.* at 3.

### B. Kenneth Jones' Opposition

Mr. Jones opposes Jasper Wyman's motion to exclude references to or evidence of its financial condition or size because it "seeks to preclude admission of relevant evidence, is vague as to what evidence would constitute evidence of defendant's size, wealth, and financial condition, and is redundant of this Court's Order requiring that evidence of defendant's financial condition be withheld from evidence until the punitive damages phase of the trial." *Pl.'s Opp'n* at 1 (citing ECF No. 83, *Order on Mot. for Enlargement of Time to Provide Punitive Damages Disc.*).

Also citing *Burnett v. Ocean Properties*, Mr. Jones contends that Jasper Wyman's "motion should be denied because it impermissibly seeks exclusion of

4

relevant information that is not unfairly prejudicial as a matter of law." *Id.* at 2. Mr. Jones submits that "evidence of defendant's corporate and management structure, with operations in several locations in the US and Canada, and hundreds of employees, are relevant to the issue of defendant's ability to prevent, investigate and eliminate discriminatory practices," especially with regards to "the application of the cat's paw theory in the liability phase as well as to defendant's affirmative defense of good faith in the punitive damage phase." *Id.* Mr. Jones further contends that "[t]he size of defendant's workforce, and its demographics, along with Mr. Jones' status as the only or one of very few Black permanent employees, are relevant to the issue of defendant's motivation for the disparate treatment of Mr. Jones." *Id.*

Finally, Mr. Jones argues that Jasper Wyman's motion is "overbroad and vague in its attempt to bar all reference to and evidence of defendant's size[,] assets and the fact that it is a large company" and explains that "the exhibits Plaintiff has listed contain relevant information about defendant's compensation practices which bear on the issue whether the compensation decisions made about Mr. Jones were based in part on his race." *Id.* (internal citations omitted).

### III. DISCUSSION

"A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal rules. Assessing the probative value of [the proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403 . . . ." *United States v. Abel*, 469 U.S. 45, 54 (1984). Federal Rule of Evidence 401 states that evidence is

relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." FED. R. EVID. 401. "Relevancy is a very low threshold." *United States v. Cruz-Ramos*, 987 F.3d 27, 42 (1st Cir. 2021). "'[T]he evidence need not definitively resolve a key issue in the case,' but rather 'need only move the inquiry forward to some degree.'" *Id.* (citing *Bielunas v. F/V Misty Dawn, Inc.*, 621 F.3d 72, 76 (1st Cir. 2010)). In the First Circuit's words, "it is no exaggeration to say that '[a] relevancy-based argument is usually a tough sell.'" *Id.* (citing *Bielunas*, 621 F.3d at 76) (alterations in *Cruz-Ramos*).

Relevant evidence is generally admissible, while "[i]rrelevant evidence is not admissible." FED. R. EVID. 402. However, "[t]he Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

On September 6, 2022, the Magistrate Judge issued an Order on Motion for Supplemental Confidentiality Order, ordering that "Plaintiff's counsel shall not share or make available the information Defendant produces regarding its financial condition to any other person or entity, except personnel in counsel's office involved in the representation of Plaintiff and in the administrative management of the case." *Order on Mot. for Suppl. Confidentiality Order* at 3 (ECF No. 70). On September 20, 2022, this Court issued its Order on Motion for Enlargement of Time to Provide Punitive Damages Discovery, in which the Court, consistent with the Magistrate

6

Judge's order, ordered Jasper Wyman to "produce the financial information to Plaintiff's counsel on the first day of trial," leaving the "'Eyes Only" restriction in place "until the Court's ruling on Jasper Wyman & Son's motion for judgment as a matter of law." *Order on Mot. for Enlargement of Time to Provide Punitive Damages Disc.* (ECF No. 83).

These orders confirm that this Court views evidence of Jasper Wyman's wealth to be potentially admissible, if at all, only during the punitive damages stage of the trial. Even though evidence of a defendant's wealth is not "unlawful or inappropriate," the danger is that such evidence provides "an open-ended basis for inflating awards when the defendant is wealthy." *Rooney v. Sprague Energy Corp.*, 519 F. Supp. 2d 110, 130 (D. Me. 2007) (quoting *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 427-28 (2003)). Here, Mr. Jones has not satisfactorily explained why Jasper Wyman's wealth would be admissible in the initial phase of this trial.

Jasper Wyman's size is another matter. Some evidence, such as that Jasper Wyman is large enough to have a fully staffed Human Resources office, to have layers of management, to have a fully developed personnel policy, and to have at least two locations, one in Maine and the other in New Brunswick, is necessary for the jury to understand the context of Mr. Jones' claims and Jasper Wyman's response. The number of Black employees among Jasper Wyman's total, Maine, and New Brunswick based workforce may also be relevant.

The Court does not know exactly what evidence is proposed and disputed and therefore the Court can only rule in generalities. In general, before Mr. Jones attempts to introduce evidence of Jasper Wyman's wealth during the liability and compensatory damages phase of trial, he must approach the bench, signal that he intends to introduce this evidence, and obtain permission to do so. This ruling does not extend to the size of Jasper Wyman. Mr. Jones may introduce evidence of Jasper Wyman's size without first approaching the bench. There is, of course, a limit and at some point, repetitive evidence of size may tip the balance in favor of exclusion. If Jasper Wyman believes that Mr. Jones is presenting cumulative evidence or that the evidence of size has exceeded the tipping point of Rule 403, Jasper Wyman may bring its objection to the attention of the Court.

## VI. CONCLUSION

The Court GRANTS in part and DENIES in part Jasper Wyman & Son's Motion in Limine to Exclude References to or Evidence of its Financial Condition or Size during the liability phase of trial (ECF No. 94 at 1-3). Evidence of Jasper Wyman's wealth is inadmissible and of its size is admissible during the liability and compensatory damages part of the trial, except upon further order of the Court.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 10th day of November, 2022