UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KENNETH JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  No. 1:20-cv-00383-JAW |
| JASPER WYMAN & SON, | ) ) ) |
| Defendant. | ) ) ) |

**ORDER ON PLAINTIFF'S AND DEFENDANT'S MOTIONS IN LIMINE TO EXCLUDE EVIDENCE OF PLAINTIFF'S DISMISSED CLAIM FOR RETALIATION**

In anticipation of trial, both the plaintiff, a former employee, and the defendant, a former employer, filed a motion in limine seeking to exclude all evidence of and reference to the plaintiff having brought a claim for retaliation under 42 U.S.C. § 1981, on which the Court entered summary judgment for defendant. The defendant additionally seeks to preclude any evidence of the factual basis for the retaliation claim. Both parties contend that evidence of this retaliation claim is irrelevant, unduly prejudicial, and likely to confuse the jury under Federal Rules of Evidence 401, 402, and 403. They dispute, however, whether only evidence of the fact that the plaintiff brought a claim for retaliation should be excluded or whether any "factual basis" for this claim should also be excluded.

**I.    PROCEDURAL BACKGROUND**[1]

---

[1] The Court assumes familiarity with the factual background of this case, and thus recites only the relevant procedural history in this order. For an exhaustive account of the factual allegations, readers may refer to the Court's summary judgment order. *See Order on Mot. for Summ. J.* at 4-60 (ECF No. 58).

On March 13, 2020, Kenneth Jones filed a three-count complaint in Washington County Superior Court in Machias, Maine, against his former employer, Jasper Wyman & Son (Jasper Wyman) alleging breach of contract, breach of quasi-contract in quantum meruit, and unjust enrichment. *Decl. of Elizabeth T. Johnson in Supp. of Notice of Removal* (ECF No. 3) (*State Ct. R.*), Attach. 2, *Compl.*; *id.*, Attach. 1, *Docket R.* at 1 (*Docket R.*). On October 14, 2020, Mr. Jones amended his state court complaint to allege racial discrimination in contracting and add a claim that Jasper Wyman retaliated against him for opposing unequal treatment, both in violation of 42 U.S.C. § 1981. *Id.*, Attach. 6, *Am. Compl*; *Docket R.* at 2. On October 16, 2020, Jasper Wyman removed this case to federal court and answered the Amended Complaint. *Def. Jasper Wyman & Son's Notice of Removal* (ECF No. 1); *Def. Jasper Wyman & Son's First Am. Answer and Affirmative Defenses to Pl.'s First Am. Compl.* (ECF No. 4).

On April 7, 2021, following discovery, Mr. Jones filed a motion for leave to amend his complaint to add an additional factual basis of pay discrimination. *Pl.'s Mot. for Leave to File Second Am. Compl. and Amendment of the Scheduling Order* (ECF No. 15). On April 23, 2021, the Magistrate Judge granted the motion and Mr. Jones filed his second amended complaint. *Order* (ECF No. 17); *Pl.'s Second Am. Compl.* (ECF No. 18) (*Compl.*).

On September 21, 2021, Jasper Wyman moved for summary judgment, *Def. Jasper Wyman & Son's Mot. for Summ. J.* (ECF No. 44), which on July 18, 2022, the Court granted in part and denied in part in a one hundred forty-page order. *Order*

*on Mot. for Summ. J.* (ECF No. 58). On September 7, 2022, the Court held a pretrial conference, *Min. Entry* (ECF No. 72), and the next day, the Court issued a final pretrial order, setting the deadlines for pretrial motions and setting trial for October 31, 2022 to November 4, 2022. *Report of Final Pretrial Conference and Order* (ECF No. 74). On September 14, 2022, the Court, needing to reset the trial dates to avoid a scheduling conflict with another trial, scheduled a telephone conference with the parties. *Notice of Hearing* (ECF No. 78). On October 6, 2022, the Court held a telephone conference with the parties and reset trial for November 16, 2022 to November 22, 2022. *Min. Entry* (ECF No. 96).

On October 3, 2022, Mr. Jones filed a motion in limine to exclude evidence of his dismissed retaliation claim against Jasper Wyman. *Pl.'s Mot. in Lim. to Exclude Evid. of Dismissed Claim.* (ECF No. 91) (*Pl.'s Mot.*). Also on October 3, Jasper Wyman filed a motion in limine to exclude evidence of Mr. Jones' dismissed retaliation claim. *Def. Jasper Wyman & Son's Omnibus Mots. in Lim. and Mem. of Law* at 9-10 (ECF No. 94) (*Omnibus Mot.*).

On October 18, 2022, Jasper Wyman filed its opposition to Mr. Jones' motion. *Def.'s Opp'n to Pl.'s Mot. in Lim. to Exclude Evid. of Dismissed Claim* (ECF No. 110) (*Def.'s Opp'n*). On the same day, Mr. Jones filed his opposition to Jasper Wyman's motion. *Pl.'s Resp. in Opp'n to Def.'s Mots. in Lim.* at 9-11 (ECF No. 105) (*Pl.'s Opp'n*).

II.   **THE PARTIES' POSITIONS**

    A.   **Kenneth Jones' Motion in Limine**

3

Mr. Jones argues that his now dismissed claim for retaliation "should be excluded because, under [Rule] 401, it is irrelevant to the issues before the jury, and under Rule 403, [it] has the possibility to unfairly and inappropriately damage his credibility with the jury, and is likely to confuse and distract the jury from the issues before it." *Pl's Mot.* at 1. Mr. Jones contends that "[e]vidence of dismissed claims has routinely been excluded on grounds that it has no or very low probative value, is likely to create unfair prejudice, and distracts from the issues that the jury is to decide." *Id.* at 1-2 (citing *L'Etoile v. New England Finish Systems Inc.*, 575 F. Supp. 2d 331, 340 (D.N.H. 2008)).

Mr. Jones further contends that the "probative value of the evidence that Mr. Jones brought a claim for retaliation is low to non-existent on his claim that defendant denied him equal treatment in matters of contract because of his race" and Jasper Wyman "will not be able to establish relevance . . . [and] any relevance is dwarfed by its prejudicial effect . . . [that] might lead the jury to infer that his claims before them lack merit, or that he is 'dishonest or litigious.'" *Id.* at 2 (quoting *McGonegle v. Select Comfort Retail Corp.*, No. 1:19-cv-442, 2022 U.S. Dist. LEXIS 22928, at *15 (S.D. Ohio Feb. 9, 2022)).

Finally, Mr. Jones argues that "putting evidence before the jury about a claim that they do not need to decide will confuse the jury and distract their attention from the factual questions they must decide, which is whether defendant discriminated against Mr. Jones because of his race." *Id.* at 3.

  **B.**  **Jasper Wyman & Son's Motion in Limine and Response**

In addition to requesting that the Court exclude evidence of Mr. Jones having brought a retaliation claim against Jasper Wyman, Jasper Wyman argues that Mr. Jones should be precluded from mentioning "the factual basis for the retaliation claim" and "attempting to revive this claim at trial." *Omnibus Mot.* at 9. Jasper Wyman contends that because the Court entered summary judgment in its favor and Mr. Jones "admitted that he never indicated to [Jasper] Wyman that he believed that his denial of mileage reimbursement was race-based," Mr. Jones "should be precluded from attempting to revive his retaliation allegations at trial or to otherwise introduce evidence of the retaliatory actions alleged by Plaintiff." *Id.* at 9-10.

Jasper Wyman contends that admitting this evidence "has no probative value of Mr. Fickett's motivation with respect to the original mileage reimbursement arrangement and allowing the introduction of such evidence creates a substantial danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time by needlessly presenting non-probative evidence." *Id.* at 10. Jasper Wyman further contends that "[a]llowing the introduction of such evidence would also render pointless the Court's time and effort deciding Defendant's summary judgment motion, the purpose of which was to narrow the issues for trial." *Id.*

Jasper Wyman submits that Mr. Jones' motion in limine "seems to be a transparent attempt to do an end run around this Court decision by allowing the Plaintiff to introduce evidence that Plaintiff claims shows retaliation but preventing the Defendant from questioning that evidence or letting the jury know that the claim has been dismissed." *Def.'s Opp'n* at 2. Jasper Wyman therefore requests, in the

5

event that the Court denies its motion to exclude the factual basis for the dismissed claim, it "be allowed to present evidence of the retaliation claim to show that Defendant previously attributed the alleged acts of retaliation as actions taken in response to Plaintiff complaining about not receiving mileage reimbursement and that Plaintiff did not claim that those acts were motivated by race until after his retaliation claim was dismissed by the Court." *Id.*

### C. Kenneth Jones' Response

Mr. Jones submits that Jasper Wyman's motion seeking to preclude evidence of the factual basis for Mr. Jones' dismissed retaliation claim "should be denied because the evidence is relevant circumstantial evidence for plaintiff's claim for discrimination, and defendant has no authority for its exclusion at trial." *Pl.'s Opp'n* at 10.

Mr. Jones argues that "[t]he fact that the Court concluded that Mr. Jones' complaint about denial of mileage reimbursement did not qualify as protected activity for retaliation . . . in no way purported to bar, or bars [Mr.] Jones' use of the adverse actions defendant took against him on his claims of race discrimination." *Id.* Mr. Jones therefore "submits the evidence of defendant's adverse action and negative interactions with him may be used to prove adverse action, pretext and to support an inference of discriminatory bias, whether or not they also formed the basis for the retaliation claim." *Id.*

Mr. Jones submits that he "intends to introduce circumstantial evidence supporting an inference of discriminatory bias, including the adverse actions

6

underlying the dismissed retaliation claim," including "manager Fickett's statements and actions reflecting a bias that Mr. Jones was entitled to lesser treatment, compensation and recognition." *Id.* at 10-11.  He argues that "[f]requently, as in this case, adverse actions for discrimination and retaliation claims rely on the same factual predicate of disparate treatment and adverse actions" and that "[c]ircumstantial evidence of disparate treatment is probative of discriminatory motivation." *Id.* at 10 (citing *Thomas v. Eastman Kodak Co.*, 183 F.3d 38, 64 (1st Cir. 1999)) (holding that in addition to disparate treatment, the evidence that a manager had a general disregard for an employee's professional abilities and status, and other evidence the manager "treated [her] badly" would support an inference of race-based bias).

## III. DISCUSSION

"A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal rules.  Assessing the probative value of [the proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403 . . . ." *United States v. Abel*, 469 U.S. 45, 54 (1984).  Federal Rule of Evidence 401 states that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." FED. R. EVID. 401.  "Relevancy is a very low threshold." *United States v. Cruz-Ramos*, 987 F.3d 27, 42 (1st Cir. 2021).  "'[T]he evidence need not definitively resolve a key issue in the case,' but rather 'need only move the inquiry forward to some degree.'" *Id.*

(citing *Bielunas v. F/V Misty Dawn, Inc.*, 621 F.3d 72, 76 (1st Cir. 2010)).  In the First Circuit's words, "it is no exaggeration to say that '[a] relevancy-based argument is usually a tough sell.'"  *Id.* (citing *Bielunas*, 621 F.3d at 76) (alterations in *Cruz-Ramos*).

Relevant evidence is generally admissible, while "[i]rrelevant evidence is not admissible."  FED. R. EVID. 402.  However, "[t]he Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  FED. R. EVID. 403.

Both Mr. Jones and Jasper Wyman agree that evidence of the dismissed retaliation claim should be excluded.  The Court finds it appropriate to exclude evidence of Mr. Jones' dismissed retaliation claim because it has low probative value and a potentially high prejudicial effect.  *See Crabbs v. Pitts*, No. 2:16-cv-0387, 2018 U.S. Dist. LEXIS 181353, at *29 (S.D. Ohio Oct. 23, 2018) ("Given the low bar for relevance, it is possible that dismissed claims might have some probative value, however slight. But the potential for unfair prejudice and confusion to the jury far outweigh any slight probative value"); *see also Moore v. Bannon*, No. 10-12801, 2012 U.S. Dist. LEXIS 81740, at *21 (E.D. Mich. June 6, 2012) ("[M]otions in limine [to shield claims and issues dismissed on summary judgment] should be granted . . . because such evidence has little to do with establishing credibility, and is of little probative value, but instead 'carries significant risk of undue delay and waste of time'") (quoting *L'Etoile v. New England Finish Systems Inc.*, 575 F. Supp. 2d 331,

340 (D.N.H. 2008)); *Duarte v. Catalina Foothills Sch. Dist. No. 16*, No. CV-12-00844-TUC-JAD, 2014 U.S. Dist. LEXIS 144381, at *5-6 (D. Ariz. Oct. 10, 2014) ("[T]o the extent it could be marginally relevant to Plaintiff's credibility, the Court finds that any reference to this dismissed claim at trial is outweighed by Rule 403 considerations").

Whether some evidence that could have been admitted as evidence of retaliation could also be admissible as evidence of discrimination is another matter. As a practical matter, it strikes the Court that some evidence could be probative and relevant under both theories of liability. As the Court does not know exactly what evidence is being proposed and contested, the Court defers ruling in order to rule on specific evidence, rather than make pronouncements about generalities.

Furthermore, the basis of the Court's granting summary judgment on the retaliation claim was that "Mr. Jones admits that he never told Ms. Norton or anyone at [Jasper] Wyman that he believed he was being discriminated against because of his race and admits that he never reported that he believed he was being retaliated against for making such a report." *Order on Def.'s Mot. for Summ. J.* at 137 (ECF No. 58). Because there was no evidence that Mr. Jones had notified anyone at Jasper Wyman that he thought he was being discriminated against due to his race, the Court ruled that his claim that Jasper Wyman retaliated against him because he asserted discrimination due to his race must fail. *Id.* at 131-37. In short, Mr. Jones had not engaged in protected conduct, which is an element of a retaliation claim. *Id.* To the extent there is a contention that the summary judgment order addressed actions

9

Jasper Wyman took in response to Mr. Jones' retaliation claim, the Court disagrees. In its view, the Court did not reach Jasper Wyman's asserted responses to the retaliation claim because the Court determined Mr. Jones did not tell Jasper Wyman that he thought its actions were race-based.

## VI. CONCLUSION

The Court GRANTS Mr. Jones' Motion in Limine to Exclude Evidence of Plaintiff's Dismissed Claim (ECF No. 91) and DEFERS ruling on Jasper Wyman's Motion in Limine to Exclude Dismissed Claim insofar as it requests the exclusion of any evidence of the factual basis of the dismissed claim (ECF No 94 at 9-10).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 10th day of November, 2022